No. 46,857

WILLIS BEALS, *Appellant*, v. HECKENDORN MANUFACTURING CO., INC., a Corporation, *Appellee*.

(510 P. 2d 1326)

Opinion filed June 9, 1973.

*George V. Allen*, of Lawrence, and *Harold E. Doherty*, of Topeka, argued the cause, and *Darrell E. Miller* and *Mortimer A. Berlin*, of Topeka, were with them on the brief for the appellant.

*Dan H. Myers*, of Fick and Myers, of Manhattan, argued the cause, and was on the brief for the appellee.

*Per Curiam:* The plaintiff-appellant was injured when he was forced, as he says, to jump from a riding lawnmower which ran downhill without braking means. The appellee is the manufacturer, charged with negligence and breach of implied warranty.

The pretrial record consisted of the pleadings, answers to interrogatories, stipulations recited in the pretrial orders, an affidavit of the Manhattan Park Superintendent (the city owning the mower) and the deposition of the plaintiff. The trial court sustained a motion for summary judgment exonerating the defendant from liability.

The trial court judgment was correct to the extent that the evidentiary record shows that the plaintiff could have no cause of action on the more conventional claims of (1) putting the mower on the market with a faulty design: (a) without its being equipped with brakes when in neutral gear, (b) by making it impossible to shift or reengage the gears while the machine is in motion, (c) by making the gear shift of difficult accessibility to the operator, (d) by failing to provide an emergency brake, and (e) by constructing the machine with a high center of gravity; and (2) failure to give adequate warning.

The machine is designed and sold for commercial use. The deposition of the plaintiff makes it clear that he is charged with notice of the design characteristics above enumerated and of its limitations or absence of braking means when the machine is not in gear. There is evidence in the record, however, that the plaintiff relied upon his belief that the gears could not be disengaged while

the machine was in motion and the braking power of the mower thus be lost. He testified that the machine was in low gear when he turned around to go down the incline, and that something happened so that he could not stop the mower, that he did not change gears or touch the gearshift lever, and further that there was no way he could have shifted the lever out of gear.

We hold that summary judgment was prematurely granted. The record discloses a bona fide issue of fact whether or not the mower was defective because "it is possible that the transmission could become disengaged of its own accord and thus eliminate the braking system on the machine without any action by the operator." (Pretrial order of September 9, 1971.) The plaintiff is not chargeable on the record as a matter of law with knowledge of that allegedly faulty and dangerous characteristic. He is entitled to develop and produce his evidence on that issue, either on his claim of negligence or breach of implied warranty whichever the evidence may support.

The judgment of the court below sustaining appellee's motion for summary judgment is reversed and the case remanded for further proceedings in accordance with this opinion.