HEARD, Judge.
Plaintiffs, Southwest Industrial Contractors, Inc., and Maryland Casualty Company, sued defendants, DeVilbiss Company and Glen Falls Insurance Company of New York, to recover the cost of repairing a crane and a large burner manufactured by DeVilbiss, which were damaged as a result of the alleged negligence of DeVilbiss. Specifically, plaintiffs allege that De-Vilbiss was negligent in attaching one of four lifting lugs to the burner with inch bolts rather than % inch bolts. The smaller bolts allegedly sheared in half while the burner was being lifted by a crane during the installation of the burner, causing it to fall to the floor, damaging both the burner and the crane lifting it.
Defendants answered that DeVilbiss was not negligent or, alternatively, if it were negligent, that Southwest Industrial Contractors (Southwest) was contributorily negligent in lifting the burner with four-foot cables rather than eight-foot cables. Defendants allege the use of shorter cables resulted in more stress being put on each bolt and that this was the cause of the accident. The trial court found for plaintiffs and defendants have appealed. We affirm.
Plaintiff, Southwest, was a subcontractor engaged in the installation of equipment during the construction of a large General Electric plant near Shreveport. A portion of the equipment consisted of twelve burners, each weighing about 5000 pounds, which were to be installed on a mezzanine floor about eighteen or twenty feet above the ground floor of the plant. The installation necessitated affixing cables to four lifting lug plates attached by DeVilbiss to the four corners of the burner for lifting purposes, and then raising the burner by means of a large crane and placing it on the mezzanine floor.
Three burners had been raised and placed on the mezzanine floor without incident. The fourth burner was in the process of being raised when the bolts securing one of the lifting lugs to the burner sheared in half, causing each of the other bolts to break due to the overload and sending the burner crashing to the floor. Both the burner and the crane lifting it were damaged by the fall.
Southwest called on DeVilbiss to repair the damage occasioned by its alleged negligence, which request was refused by De-Vilbiss. Southwest repaired all the damage at a total cost of $15,290.35. Southwest’s insurer paid Southwest $10,093.78 under its policy and was subrogated to that extent to Southwest’s rights against De-Vilbiss.
Plaintiffs filed suit against DeVilbiss and its insurer in January of 1971. Plaintiffs’ witnesses explained that eight foot cables could not have been used because there was not enough clearance to use eight-foot cables and still be able to lift the burner high enough to place it on the mezzanine floor. The eight-foot cables had to be doubled (resulting in four-foot cables) *873 before the burner could be lifted into place. Plaintiff’s supervisor in charge of the lifting testified that four-foot cables had been used to lift the other three burners into place without any trouble and that the defendant’s representative was aware of that fact and made no objection to it.
Defendant’s representative at the plant site testified he advised that eight-foot cables be used to lift the burners and that eight-foot cables were in fact used to lift the first three burners. The trial court apparently resolved this conflict in testimony in favor of plaintiffs.
After the accident the general supervisor for Southwest collected several pieces of broken bolts scattered around the burner. These bolts were delivered to an expert metallurgist who performed certain stress tests and analysis of the broken bolts and testified at trial as to his findings. The expert examined seven pieces of broken bolts, five of which were % inch bolts and two of which were %o inch bolts. All were painted the same color green as the burner. The expert’s testimony concerned the strength of % inch and inch bolts and the stress that would be put on a bolt using eight foot cables and four foot cables. His opinion was that a inch bolt would shear in half if the burner were lifted with a four-foot cable but that a % inch bolt would not shear if a four-foot cable were used. He also testified that even if an eight-foot cable were used, that a 5/ie inch bolt “may have failed under several loading cycles.”
On the basis of this evidence the trial court found for the plaintiffs. Defendants appealed and argued that the trial court erred in finding the defendants negligent and also erred in not finding Southwest contributorily negligent by its failure to use eight-foot cables.
Before reaching the merits of the appeal, we must consider a preliminary matter involving the decision of the trial court to exclude the after-trial deposition of D. E. Zabel, manager of research and engineering for DeVilbiss. The trial court excluded the deposition on plaintiffs’ motion because the witnesses had been placed “under the rule” at the beginning of the trial and Zabel had reviewed the testimony of plaintiffs’ expert metallurgist before making his deposition. Plaintiffs contended this violated the trial court’s sequestration of the witnesses and the trial court’s allegedly express order that Zabel not be allowed to review the testimony of any of the witnesses. When the trial court refused to admit the deposition in evidence, defendants filed the deposition in a sealed envelope as an offer of proof.
Code of Civil Procedure Article 1631 provides in part:
“On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order.”
The “Comments” to the article indicate that a corporation’s representative is not to be excluded even if he is a witness in the suit. Experts are not to be excluded since they do not testify as to facts of the case but only give their opinion based upon hypothetical facts.
Since Zabel can come under either of the exceptions to witnesses who may be sequestered, he did not violate the order of the trial judge sequestering the witnesses when he reviewed the testimony of plaintiffs’ expert witness. We find the lower court erred in excluding the deposition of Zabel. However, the trial court’s refusal to consider the deposition does not alter the ultimate result. We have carefully reviewed the testimony in the deposition and *874 conclude that the judgment of the lower court in favor of plaintiffs is correct.
The evidence shows almost beyond doubt that inch bolts were used to secure a lifting lug to the burner. DeVilbiss admits the lifting lugs were designed to be attached with % inch bolts and if 5/io inch bolts were used, it was a mistake made by its employees. The testimony of the expert shows that if % inch bolts had been used the bolts would not have sheared and there would have been no accident. The failure of DeVilbiss to use % inch bolts to secure the lifting lug to the burner was negligence.
The issue of Southwest’s alleged contributory negligence presents a more difficult question. DeVilbiss alleged that Southwest’s use of four foot cables to lift the burner rather than eight foot cables was contributory negligence. Defendant’s representative testified that he told Southwest’s employees to use eight foot cables and that eight foot cables were actually used to lift the first three burners. Southwest’s supervisor testified that four foot cables were used to lift all the burners and that defendant’s representative was aware of that fact. The trial judge gave no reasons for his judgment, but in order to render judgment for plaintiffs he must have resolved the conflict in testimony in favor of Southwest. From our review of the evidence, particularly the photographs filed in the record and the testimony of the expert, we find that the trial court did not err in absolving Southwest of any negligence contributing to the accident.
Having found that DeVilbiss negligently used inch bolts rather than the required % inch bolts to attach the lifting lug to the burner, and having found that Southwest was not contributorily negligent in lifting the burner with four foot cables, we affirm the judgment of the trial court. Defendants, DeVilbiss Company and Glen Falls Insurance Company of New York, are cast with all costs of these proceedings, including the cost of this appeal.