GENE MORRIS, APPELLANT, V.
CHRYSLER CORPORATION, APPELLEE.

303 N.W.2d 500

Filed March 20, 1981. No. 43202.

Michael J. Dugan and Terry Anderson for appellant.

Patrick B. Donahue of Cassem, Tierney, Adams, Gotch & Douglas for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

WHITE, J.

This case is on appeal from a judgment of the District Court for Douglas County, Nebraska, in favor of defendant, Chrysler Corporation (hereafter Chrysler), and dismissing the petition of the appellant, Gene Morris. On May 3, 1977, appellant filed suit in municipal court for the city of Omaha, Douglas County, Nebraska. After trial on the merits, the municipal court

judge found in favor of appellant and awarded him damages in the amount of $865. Chrysler appealed to the District Court and the District Court reversed the judgment of the municipal court, finding that appellant had failed to prove that Chrysler was negligent. Appellant assigns as error the findings of the District Court that appellant failed to prove Chrysler had not used ordinary care required of it and that methods of inspection were available to Chrysler, which it failed to employ. The assignments are well taken and the judgment of the District Court is reversed.

Appellant is the owner of a 1968 Chrysler automobile which he purchased secondhand in October 1975. In the late fall 1976, appellant was driving the automobile on the interstate when the engine stopped working. The record shows that after inspection of the automobile by a qualified auto mechanic, it was discovered that the engine had failed because the crankshaft was broken. The mechanic later discovered that the crankshaft had broken because the lower one-half of the number four main bearing was missing. It was the conclusion of the witness that the bearing had not been installed at the factory. Appellant had the engine repaired at a cost of $850. The municipal court and the District Court both found there was a defect in the Chrysler engine; that the defect had caused the damage to appellant's automobile in the normal use of the engine; and that the defect existed when the engine left the manufacturer. The record supports these findings.

This is a product liability action. "Products liability is the name currently given to the area of case law involving the liability of sellers of chattels to third persons with whom they are not in privity of contract. It may, infrequently, rest upon intent; but except in rare instances, it is a matter of negligence, or of strict liability." Prosser, Law of Torts, *Products Liability* 641 (4th ed. 1971). Appellant's original

petition sought damages based on strict liability in tort and breach of warranty. He amended his petition and sued under a breach of warranty theory and a negligence theory. The warranty action was dismissed at the pretrial conference, and appellant proceeded under a cause of action for negligent manufacture of the engine.

In *Hawkins Constr. Co. v. Matthews Co., Inc.*, 190 Neb. 546, 209 N.W.2d 643 (1973), we held that a plaintiff could not recover from a manufacturer under a strict liability in tort theory for damages to plaintiff's property. That decision was vigorously criticized in the dissent, however, and the holding in that case is particularly limited to its facts and has no bearing on this case. The theory of strict liability in tort should be distinguished from the theories of liability based on negligence or on breach of warranty, express or implied. Prosser, Law of Torts, *Strict Liability in Tort* 656 et seq. (4th ed. 1971); 1 Hursh, American Law of Products Liability § 4:1 (2d ed. 1974).

Appellant in this case is proceeding under a negligence theory only. In order for appellant to recover under a negligence theory, he must establish a duty, a breach, causation, and damages. *Rose v. Buffalo Air Service*, 170 Neb. 806, 104 N.W.2d 431 (1960). Concerning the existence of a duty of reasonable care owed to appellant by Chrysler, "'[w]e are dealing now with the liability of the manufacturer of the finished product, who puts it on the market to be used without inspection by his customers. If he is negligent, where danger is to be foreseen, a liability will follow.'" *Rose v. Buffalo Air Service, supra* at 831, 104 N.W.2d at 446.

"A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing physical harm to those who use it for a purpose for which the manufacturer should expect it to be used and to those whom he should

expect to be endangered by its probable use, is subject to liability for physical harm caused to them by its lawful use in a manner and for a purpose for which it is supplied." Restatement (Second) of Torts § 395 at 325 (1965). See, *Hancock v. Paccar, Inc.,* 204 Neb. 468, 283 N.W.2d 25 (1979); *Rose v. Buffalo Air Service, supra.*

Liability extends "not only [to] the vendee but also all persons whose right or privilege to use the article is derived from him, unless the nature of the article or the conditions of the sale make it improbable that the article will be resold by the vendee or that he will permit others to use it or to share in its use. Unless the article is made to special order for the peculiar use of a particular person, the manufacturer must realize the chance that it may be sold. . . . [The manufacturer is liable to] any person to whom the vendee sells or gives the chattel, or to whom such subvendee or donee sells or gives the chattel ad infinitum, and also all persons whom such subvendee or subdonee permits to use the chattel or to share in its use." Restatement, *supra* at Comment h at 329-30.

This same liability extends to a person whose property has been damaged, and that person "may . . . recover from such manufacturer for damages to his property caused by [the manufacturer's] negligence in the same manner that such a remote vendee or other third person may recover for personal injuries." *Rose v. Buffalo Air Service, supra* at 828-29.

The Restatement, *supra* at Comment n at 332, specifically states that the manufacturer's liability extends also where "the only harm which results from the manufacturer's failure to exercise reasonable care is to the manufactured chattel itself." See illustration 5.

Appellant established Chrysler's breach of its duty by proving that the engine had left the manufacturer in a defective state. Chrysler moved for a directed verdict after appellant's presentation of his case and presented no evidence on its own behalf. Chrysler

argued, and the District Court held, that appellant's proof of a defect was not proof of negligence or lack of ordinary care in manufacturing and inspecting the engine. We disagree. "[O]f course, negligence is never presumed. The burden of proving negligence is on the party alleging it . . . ." *Porter v. Black*, 205 Neb. 699, 705, 289 N.W.2d 760, 764 (1980). However, negligence is a question of fact and it may be proved by circumstantial evidence. The only thing the law requires is that the facts and circumstances proved, along with the inferences that can be drawn from them, indicate with reasonable certainty the negligence of the defendant. *Porter v. Black, supra.*

We have not yet dealt with this specific question in Nebraska; however, the weight of authority holds that although proof of product defectiveness is not conclusive as to negligence, it is evidence of negligence on the part of the manufacturer of the product. *Beals v. Heckendorn Manufacturing Co., Inc.*, 212 Kan. 407, 510 P.2d 1326 (1973); *Maryland Casualty Company v. DeVilbiss Company*, 323 So. 2d 871 (La. App. 1975); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okla. 1976); 1 Hursh, American Law of Products Liability § 2:78 (2d ed. 1974).

The appellant presented competent evidence in support of all the necessary elements of his negligence action. He established that Chrysler had manufactured the engine; that he was a foreseeable plaintiff in a products liability action under a negligence theory; that the engine was defectively manufactured and placed on the market; and that, as a direct result of the defect, he incurred damages. Chrysler then had the opportunity to rebut any of the evidence and to establish that it had acted with reasonable prudence. It did not. Appellant has carried his burden and is entitled to recover damages prayed for.

In its answer, Chrysler alleged as an affirmative defense that the statute of limitations had run. The municipal court correctly held that the appellant had

4 years from the date of the damage to file his action. Neb. Rev. Stat. § 25-207 (Reissue 1975). It should be noted, however, that subsequent to the filing of this action, a new statute of limitations for products liability actions was enacted. Neb. Rev. Stat. § 25-224 (Reissue 1979) reads as follows: "Product liability actions; statute of limitations. (1) All product liability actions shall be commenced within four years next after the date on which the death, injury, or damage complained of occurs.

"(2) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code, shall be commenced within ten years after the date when the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption.

"(3) The limitations contained in subsection (1) or (2) of this section shall not be applicable to indemnity or contribution actions brought by a manufacturer or seller of a product against a person who is or may be liable to such manufacturer or seller for all or any portion of any judgment rendered against a manufacturer or seller.

"(4) Notwithstanding the provisions of subsections (1) and (2) of this section, any cause of action or claim which any person may have on July 22, 1978 may be brought not later than two years following such date."

For the reasons set out above, the decision of the District Court is reversed and the order of the municipal court reinstated.

REVERSED WITH DIRECTIONS.