HILT TRUCK LINE, INC., AND TRUCKS, INC., NEBRASKA
CORPORATIONS, APPELLANTS, V. PULLMAN, INC., A CORPORATION,
APPELLEE.

382 N.W.2d 310

Filed February 28, 1986.   No. 84-752.

Michael O. Johanns of Peterson Nelson Johanns Morris & Holdeman, for appellants.

Rodney J. Rehm of Rehm & Bartling, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an action for damages for defects in 60 van trailers purchased by the plaintiffs-appellants, Hilt Truck Line, Inc., and Trucks, Inc., from the defendant-appellee, Pullman, Inc. The plaintiffs allege that the trailers had an inherent design defect and sought recovery on theories of strict liability and negligence. As defenses, the defendant alleged a general denial, contributory negligence, misuse of the product, assumption of the risk, and disclaimer of warranties as set out in the original contract.

At the close of all of the evidence, the trial court sustained the defendant's motion for a directed verdict in favor of the defendant and dismissed the plaintiffs' petition with prejudice.

On October 10, 1974, the parties entered into a contract for the purchase of 30 trailers to be constructed by the defendant according to base specifications, together with the additions and exceptions required by the plaintiffs. The defendant knew that the trailers were to be used in the plaintiffs' trucking businesses.

On April 8, 1975, the purchase order was doubled, with the same terms being applicable. The total purchase price for all of the trailers was $544,980. The contracts contained a warranty clause providing for a 1-year warranty and a disclaimer of all other warranties, express or implied.

The plaintiffs placed the trailers into service at different times varying from early 1975 to sometime in 1978. In 1979 the plaintiffs noticed that there were problems with some of the side posts of the trailers. The plaintiffs' shop foreman testified that at that time he noticed that the side posts were very corroded, rusted, and cracked. Also, some of the rivets holding the side posts to the bottom rail had broken loose.

Between 1981 and the date of the trial in 1984, 43 trailers were repaired. The cost of the repair was alleged to be $1,200 per trailer. The plaintiffs allege the reasonable cost of repair of all 60 of the trailers amounts to $72,000.

In sustaining the defendant's motion the trial court stated that the plaintiffs could not recover for damage to the product itself because there was no evidence that the damage resulted from a sudden, violent event. The plaintiffs contend that the trial court was in error in holding that recovery for damage to the product required proof of a sudden, violent event, and, in any event, there was sufficient evidence of a sudden, violent event to require that the case be submitted to the jury.

Generally, a motion for a directed verdict should be sustained if one of two situations exists: (1) if there is insufficient evidence to create a question of fact for the jury to consider; or (2) under the theories of recovery alleged by the plaintiff, the plaintiff cannot recover as a matter of law. *Hancock v. Paccar, Inc.*, 204 Neb. 468, 283 N.W.2d 25 (1979). Upon review, where a motion for a directed verdict has been sustained, this court views the evidence in the light most favorable to the losing party, and evidence produced by the prevailing party is disregarded. *Koch*

*v. Secretary of the Dept. of Health, Ed. & Welfare*, 590 F.2d 260 (8th Cir. 1978).

In product liability litigation it is necessary to examine the allegations concerning the defective product in light of the theory of recovery alleged by the plaintiff. *Nerud v. Haybuster Mfg.*, 215 Neb. 604, 340 N.W.2d 369 (1983). In the present case the plaintiffs allege there was an inherent design defect and seek recovery under theories of both strict liability and negligence. Thus, in order to recover, the plaintiffs must present sufficient evidence to establish the elements of a strict liability claim or a negligence claim or both. If the plaintiffs did in fact provide evidence concerning the elements of any theory of recovery, then the case should have been submitted to the jury on the cause of action as to which there were questions of fact on which reasonable minds could differ.

As to the strict liability claim, the plaintiffs generally alleged that at the time the trailers were delivered they were defective and posed an unreasonable risk of harm. The specific defects alleged were that (1) the defendant failed to use materials to separate steel and aluminum surfaces and (2) the defendant failed to install a sufficient number of side posts so that the trailers would be strong enough to carry the commodities hauled by the plaintiffs. The plaintiffs then claim that there was an "unreasonable danger of injury to the trailers from corrosion and stress," which caused the "unroadworthiness" of the trailers. The plaintiffs were damaged because they were required to repair the trailers.

From a review of the record it is apparent that even if the plaintiffs established that the product was unreasonably dangerous, there was causation, and there were damages as a result of the defective product, their strict liability claim must fail as a matter of law. In Nebraska, in order to recover in strict liability for the cost of repairs to the product, there must be proof that a sudden, violent event occurred which aggravated the inherent defect or caused it to manifest itself. *Nerud v. Haybuster Mfg., supra*; *National Crane Corp. v. Ohio Steel Tube Co.*, 213 Neb. 782, 332 N.W.2d 39 (1983). Without proof of a violent occurrence, there can be no recovery in strict liability.

It is clear from the record that there is no evidence that the damages claimed were the result of a sudden, violent event. The plaintiffs' expert witness on corrosion testified that the process was gradual and continuous. Robert Hilt, president of the plaintiff Hilt Truck Line, Inc., described the failure of the trailers as follows:

> Well you have this corrosion that's going on, and at some point it weakens the stake to the point where the stake breaks or starts to crack, and then the trailer starts to disintegrate and in some cases the trailer actually disintegrated to the point where we had freight in it where it dropped freight right down to the tires.

Hilt, however, could not pinpoint where or when the bottom dropped out of any trailer, nor could any of the plaintiffs' other witnesses.

It was not error to direct a verdict as to the cause of action on strict liability.

As to the cause of action on negligence, there is no requirement, at least in Nebraska, that damages, such as are claimed in this case, result from a sudden, violent event. *National Crane Corp. v. Ohio Steel Tube Co., supra*, involved a claim for *economic loss*. The case did not involve the 15 incidents in which a failure had actually occurred. As stated in that case:

> The great majority of courts which have considered the issue have held that the purchaser of a product pursuant to contract cannot recover economic losses from the manufacturer on claims based on principles of tort law, in the absence of property damage or personal injury from the use of the product. See *Jones & Laughlin Steel v. Johns-Manville Sales*, 626 F.2d 280 (3d Cir. 1980), and cases and authorities there cited.
>
> . . . .
> We hold that the purchaser of a product pursuant to contract cannot recover economic losses from the seller manufacturer on claims in tort based on negligent manufacture or strict liability in the absence of physical harm to persons or property caused by the defective product.

*Id*. at 786, 790, 332 N.W.2d at 42, 44.

In order to establish a prima facie case in negligence, a plaintiff need only establish some evidence of duty, breach, causation, and damages. See *Morris v. Chrysler Corp.*, 208 Neb. 341, 303 N.W.2d 500 (1981).

In the present case there was ample evidence that the product was physically damaged. If the plaintiffs' witnesses were believed, the damages were the result of corrosion of the materials used in the construction of the trailers, and the defendant knew that, unless protected, the metals used would corrode, leading to a potentially dangerous situation. If defendant's witnesses were believed, the trailers were damaged as a result of overloading or misuse by the plaintiffs, and the defendant took sufficient precautions to prevent a corrosion problem by painting the side posts with a rust inhibiting primer. The record contains sufficient evidence as to controverted facts concerning material issues essential to the plaintiffs' negligence claim to require that the case be submitted to the jury on the cause of action in negligence.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.