732 So.2d 767 (1999)
Eddie R. JOFFRION, Plaintiff-Appellee,
v.
Wilbert Ronald BRYANT, Defendant-Appellant.
No. 98-1439.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1999.
*768 W. Jay Luneau, Alexandria, for Eddie R. Joffrion.
Amanda G. Hamburger, Baton Rouge, for Wilbert Ronald Bryant.
Before YELVERTON, SAUNDERS, PETERS, AMY and PICKETT, Judges.
AMY, Judge.
In this workers' compensation matter, the employer appeals the lower court judgment, which awarded the employee supplemental earnings benefits (SEBs), and further, cast the employer with penalties and attorney's fees. For the following reasons, we reverse the award of SEBs and the imposition of penalties and attorney's fees.

Factual and Procedural Background
On October 10, 1995, the plaintiff, Eddie Ray Joffrion, was injured while acting within the course and scope of his employment with the defendant, Mr. Wilbert Ronald Bryant, when he fell off a grain trailer, thereby injuring his left knee. Defendant had hired Plaintiff as a truck driver to assist him during the rice season, and Plaintiff injured himself during the third week of that employment.
Plaintiff was initially treated for his injury by Dr. Michael J. Screpetis, who referred Plaintiff to Dr. Chris Rich, an orthopedist. Dr. Rich commenced his treatment of Plaintiff with an aggressive therapy program and then performed surgery on his knee on January 24, 1996. On July 16, 1996, Plaintiff was released from Dr. Rich's care to return to work. On the same day, Defendant terminated Plaintiff's weekly indemnity benefits. However, Plaintiff continued to have complaints of pain, and he requested permission from Ms. Jocelyn Stewart, the Louisiana Workers' Compensation Corporation claims representative who handled Plaintiff's claim, to be evaluated by his choice of physician. Permission was granted, and Plaintiff began treatment with Dr. Robert K. Rush in September of 1996. Per Dr. Rush's request, in October of 1996, a functional capacity evaluation (FCE) was conducted on Plaintiff at Louisiana Physical Therapy Centers, with Anna Lavespere, an occupational therapist, making the recommendation that, based upon the results of the FCE, Plaintiff was "functioning at a light to medium level as long as he remains within the parameters as outlined on the FCE form." Upon receipt of the results of the FCE, Dr. Rush wrote a letter to Ms. Stewart in which he questioned whether Plaintiff's knee condition would prevent him from being able to operate the truck's clutch on a consistent basis. He further questioned the amount of lifting and loading that the position required. On January 21, 1997, Ms. Lavespere informed Dr. *769 Rush by letter that a Kin-Com test had been performed on Plaintiff, with that test serving to measure his knee and ankle strength. During that test, Plaintiff was able to depress the metal pressure plate "clutch" used in the test six times. Based upon the test results, Ms. Lavespere opined that Plaintiff would be capable of performing the job requirements at Bryant Farms. On January 27, 1997, Dr. Rush signed a physician's verification form in which he placed a check mark beside the statement that read, "I concur that Mr. Eddie Joffrion can return to work as a truck driver." However, Plaintiff continued to have complaints of pain, so he went to Dr. Vanda Davidson for further treatment. By his report dated June 17, 1997, Dr. Davidson diagnosed Plaintiff with "[m]ild to moderate arthrosis[,][s]tatus post ligament reconstruction." In that report he opined that, although Plaintiff could perform the job of truck driving, over time, that performance would likely aggravate the arthritic condition of his knee.
On December 6, 1996, Plaintiff filed a disputed claim for compensation with the Office of Workers' Compensation. In answering the claim, Defendant contended that Plaintiff did not suffer a disabling injury as a result of the workplace accident and further contended that Plaintiff was not "currently disabled, permanently disabled or suffering from a lack of earning capacity." Upon the conclusion of the trial held on March 10, 1998, the workers' compensation judge rendered judgment for Plaintiff, awarding him supplemental earnings benefits retroactive to July 16, 1996. Defendant was cast with penalties in the amount of $2,000.00, along with $10,000.00 in attorney's fees. Defendant now appeals that judgment and presents the following assignments of error for our review:
I. The Administrative Law Judge committed an error of law when she failed to place the burden of proving entitlement to supplemental earnings benefits upon the Plaintiff, as required by law.
II. Defendant's reliance on two doctors' release of the Plaintiff to his job of injury was not arbitrary, capricious or without probable cause; therefore any award of penalties and attorney fees was not warranted; and
III. The Administrative Law Judge erred in awarding attorney's fees in the excessive amount of $10,000.00.

Discussion

Entitlement to SEBs
In this assignment, Defendant essentially contends that the workers' compensation judge committed an error of law in that she did not place the burden upon Plaintiff to establish his entitlement to SEBs. In support of this contention, Defendant focuses on one portion of the workers' compensation judge's reasons for ruling in which she stated as follows:
So the Court agrees that Mr. Joffrion was no longer temporarily totally disabled as of July 16th of 1996, however because no vocational assistance has been provided because-because no vocational assistance has been provided this Court is not aware of any employment that was available to him which met his restrictions as of July 16th of 1996.
So the Court will order that benefits besupplemental earnings benefits be paid from July 16th of 1996 through the date of trial without reduction for any potential earnings.
Plaintiff, however, submits that the record, when viewed in its entirety, reflects that the workers' compensation judge did, in fact, apply the correct standard of proof and, further, that the workers' compensation judge "clearly found Plaintiff had met his burden."
In oral reasons for ruling, the workers' compensation judge additionally stated as follows regarding Plaintiff's entitlement to SEBs:
It is clear from the functional capacity evaluation that Mr. Joffrion does have residual disability based upon the accident *770 and injury from work. While Doctor Rich has given him a release to return to his former employment, it's also clear from the records that the employer did not have a position available.... [T]he bottom line is that there was no job available with the employer as far as this Court can see at the time when benefits were terminated.
Regarding a claimant's entitlement to SEBs, La R.S. 23:1221(3) provides, in pertinent part, as follows:
(a) For injury resulting in the employee's inability to earn wages equal to ninety per cent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis.
. . . .
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer; or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.
The statute involves shifting burdens of proof. Initially, the employee must prove by a preponderance of the evidence that, due to a workplace injury, he or she is unable to earn at least ninety percent of the wages earned prior to the injury. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97); 704 So.2d 1161. Once the employee satisfies that initial burden, in order to defeat the employee's claim for SEBs, the employer must demonstrate, by a preponderance of the evidence "that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region." 97-0688 at p. 8; 704 So.2d at 1166. However, it is only after the employee carries his initial burden of establishing entitlement to SEBs that the burden shifts to the employer. See Smith v. Hamp Enterprises, Inc., 95-2343 (La.App. 4 Cir 4/17/96); 673 So.2d 267.
Our review of the record reveals that the workers' compensation judge did apply the correct standard regarding SEBs. For example, when questioning Ms. Stewart, the claims adjuster who handled Plaintiff's file, the Court inquired as follows:
THE COURT: Does his releasedo any of his reports leading up to that indicate that there is any disability associated with the accident and injury?
Accordingly, her factual findings are subject to the manifest error standard of review. See Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97); 696 So.2d 551; See also Cajun Bag & Supply v. Baptiste, 94-1218 (La. App. 3 Cir. 3/1/95); 651 So.2d 943. In accordance with that standard, those findings are not to be reversed on appeal unless they are unreasonable in light of the record. Stobart v. State, Through *771 DOTD, 617 So.2d 880 (La.1993); Cajun Bag & Supply, 94-1218; 651 So.2d 943.
Based upon the record as a whole, we find that the workers' compensation judge was clearly wrong in awarding Plaintiff SEBs. In oral reasons for ruling, the workers' compensation judge found that Plaintiff suffers from residual disability as a result of his workplace injury. However, residual disability is not the governing standard regarding SEBs. Rather, under La.R.S. 23:1221(3), it is a workplace injury resulting in the claimant's inability to earn ninety percent of his or her pre-injury wages that must be established.
The evidence contained within the record simply does not substantiate a finding, by a preponderance of the evidence, that Plaintiff is unable to earn ninety percent of his pre-injury wages because of the workplace accident. Initially, Dr. Rich released Plaintiff to return to work on July 16, 1996. Because Plaintiff continued to complain of pain, he sought and obtained treatment with Dr. Rush, who also released Plaintiff to return to work on January 27, 1997. It is important to note that that release was given only after an FCE and Kin-Com test had been performed, with the results indicating that Plaintiff was capable of returning to his job of injury. However, Plaintiff continued to experience pain, and he began treatment with Dr. Davidson. In a June 17, 1997 note, Dr. Davidson rendered an opinion concerning Plaintiff's ability to return to work as a truck driver. That opinion is as follows:
The patient, I think, is not likely to be able to return to his job as a truck driver. Whereas, he can perform the job and to be able to perform it on a regular basis day in and day out, would likely aggravate the arthritic condition in the knee and lead to a failure of his long term function in that job.... The patient can drive a vehicle that is automatic without limitations on the knee because he can move it around for his comfort.... The patient should not squat. He would have some difficulty stooping and should avoid stooping altogether. The patient is unable to kneel, unable to crawl, and should not work in a bent position secondary to his back and should not be required to sit in one position more than about two hours at one stretch.
While the workers' compensation judge, in oral reasons, interpreted that opinion to mean that Dr. Davidson would not allow Plaintiff to return to work as a truck driver, Ms. Stewart interpreted it as meaning that Plaintiff could, in fact, perform the job. Upon review, while it appears that Dr. Davidson questions the long-term ramifications of truck driving, he does not state that Plaintiff cannot return to that position because of the workplace injury. In fact, he states that he can perform the job. Regardless, even if we were to interpret this medical evidence to indicate that Plaintiff could not return to his job of injury, the legal standard is that he must prove the inability to earn ninety percent of his pre-injury wages at any job which he is able to perform. See La.R.S. 23:1221(3)(a); See also Rapp v. City of New Orleans, 95-1683 (La.App. 4 Cir. 9/22/96); 681 So.2d 433, writ denied, 96-2925 (La.1/24/97); 686 So.2d 868. Based upon the foregoing evidence, we find that the workers' compensation judge's award of SEBs was manifestly erroneous, and we hereby reverse that award. In making this determination, we note that, because Plaintiff failed to carry his initial burden under the SEB statute, the burden never shifted to Defendant to establish job availability.

Award of penalties and attorney's fees
Defendant asserts that the workers' compensation judge erred in awarding penalties and attorney's fees, as he reasonably relied on Dr. Rich's full release of Plaintiff, as well as Dr. Rush's concurrence that Plaintiff could return to work. Additionally, Defendant contends that "even Dr. Davidson's report does not clearly state that Mr. Joffrion could not return to his job as truck driver." Plaintiff, however, *772 stresses that appellate courts give "great discretion" to the workers' compensation judge's decision regarding the imposition of penalties and attorney's fees, and, further, that "discretion is not to be overturned unless it is clearly wrong." Plaintiff proposes that the decision was not clearly wrong and points to the workers' compensation judge's finding that Defendant incorrectly believed that the full-duty release ended his responsibilities to Plaintiff. In her oral reasons for ruling, the workers' compensation judge found as follows:
[The insurer] offered no evidence that there was no disability whatsoever on July 16th of 1996, which would prevent Mr. Joffrion from returning to work. The insurer took the position that because it was a full-duty release they had no further responsibilities. This is not true. Their responsibilities do not end with a full release, especially where there is residual disability....
So it is the finding of this Court that the employerI'm sorry, the insurer was arbitrary and capricious for failing to reinstate indemnity benefits, and they are assessed with a two thousand dollar penalty.... Because the insurer was without a reasonable basis in failing to reinstate benefits they are assessed with attorneys fees in the amount of ten thousand dollars.
La.R.S. 23:1201[1] provides for the imposition of penalties in a workers' compensation proceeding unless the claim is "reasonably controverted" or the "nonpayment results from conditions over which the employer or insurer had no control," while La.R.S. 23:1201.2[2] furnishes authority for the imposition of reasonable attorney's fees for an employer or insurer's discontinuance of benefits when that discontinuance is found to be arbitrary, capricious, or without probable cause.
Initially, we observe that the workers' compensation judge's decision regarding the imposition of penalties and attorney's fees is a factual determination accorded much discretion, and we will not reverse that decision unless it is clearly wrong. See Alleman v. Fruit of the Loom-Crowley, 96-1246 (La.App. 3 Cir. 3/5/97); 692 So.2d 485. The insurer or employer's obligation to the employee is a continuing one. Regarding that continuing obligation, another panel of this court has stated as follows:
[I]f subsequent to an initial optimistic report, an insurer receives medical information indisputably showing disability at a particular date, the insurer may not blindly rely upon the earlier report and solely on its basis avoid penalties for arbitrary nonpayment of benefits.
Penn v. Wal-Mart Stores, Inc., 93-1262, p. 4 (La.App. 3 Cir. 6/15/94); 638 So.2d 1123, 1127, writ denied, 94-1835 (La.10/28/94); 644 So.2d 651(citations omitted).
Upon cross-examination by Plaintiff's counsel, Ms. Stewart testified that, after examining Plaintiff, Dr. Davidson felt that he could not return to his former position *773 of truck driver. The following colloquy occurred concerning the reasons for the insurer's failure to reinstate benefits following Dr. Davidson's evaluation:
Q: All right. Why didn't you reinstate Mr. Joffrion's benefits following that?
A: I was still basing it on the release from the job analysis from Dr. Rush and
Q: Okay.
A: Dr. Rich as well.
Q: So you ignored what Doctor Davidson said and based your decision on what Doctor Rush and Doctor Rich said?
A: Pending I was anticipating scheduling or asking for an IME to address the two issues from the two doctors.
Q: Did you do that?
A: No, I did not.
Q: I think what you did in lieu of that was you asked to have him re-evaluated by Dr. Rich, didn't you?
A: Yes, I did.
In that reevaluation, Dr. Rich, once again, opined that Plaintiff was capable of returning to work.
Upon review, we find that the record as a whole does not support the determinations that Defendant failed to reasonably controvert Plaintiff's claim and that he was arbitrary, capricious, or without probable cause. In fact, the evidence indicates that quite the contrary is true. Even after Plaintiff was given a full release to return to work by Dr. Rich, Defendant allowed Plaintiff to be treated by Dr. Rush, who also released Plaintiff to return to work. Furthermore, after receipt of Dr. Davidson's opinion, Defendant had Plaintiff reexamined by Dr. Rich, who, again, opined that Plaintiff was capable of returning to work. Accordingly, we find that Defendant has fulfilled his continuing obligation to maintain abreast of Plaintiff's disability status, and, moreover, has reasonably controverted Plaintiff's claim. We therefore, reverse the award of penalties and attorney's fees.

Excessiveness of attorney's fees
Based upon our finding that penalties and attorney's fees were erroneously awarded by the workers' compensation judge and our reversal of that award, we need not address this assignment.[3]

DECREE
For the foregoing reasons, the lower court judgment in favor of Plaintiff is reversed in all respects, and judgment is hereby rendered in favor of Defendant. All costs associated with this appeal are assessed against Plaintiff.
REVERSED AND RENDERED.
SAUNDERS, J., dissents.
PETERS, J., dissents in part and would affirm the trial court's award of SEB benefits.
NOTES
[1] La.R.S 23:1201 provides, in pertinent part, as follows:

F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney's fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim.
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
[2] La.R.S. 23:1201.2 provides, in pertinent part:

Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims.
[3] Plaintiff, in his brief to this court, also requested additional attorney's fees for the preparation of this appeal. However, consideration of that request has been rendered moot by our reversal of the award of attorney's fees. We further note that Plaintiff has neither answered the appeal nor himself taken an appeal. Accordingly, even if the award of attorney's fees had been affirmed, the request for the award of additional attorney's fees is not properly before this court. See La.Code Civ.P. art. 2133; See also Rideaux v. St. Landry Parish School Bd., 97-1616 (La. App. 3 Cir. 4/8/98); 711 So.2d 819, writ denied, 98-1274 (La.6/2/98); 719 So.2d 1060.