WALTER J. ROTHSCHILD, Judge.
This worker’s compensation case arises from a motor vehicle accident that occurred on April 1, 1999. The claimant, Peter Cannata, was a passenger in a company vehicle when it was struck two times from the rear by another vehicle. Mr. Cannata suffered injuries in the accident, primarily to his lower back. He was in the course and scope of his employment with Servpro of Metairie at the time of the accident.
Mr. Cannata has not worked since the date of the accident. He was paid temporary total disability benefits from the date of the accident until February 2001, when Servpro began paying him Supplemental Earnings Benefits (SEB). He was paid full SEB until November 2001 when they were reduced by Servpro.
On December 14, 2001, Mr. Cannata filed a disputed claim for compensation, seeking full benefits, as well as penalties and attorney fees, from Servpro for arbitrarily reducing his benefits. Trial of this matter was held on November 14, 2002. Mr. Cannata and his wife testified at trial, and the remainder of the case was submitted via exhibits. On March 7, 2003, the worker’s compensation judge rendered a judgment finding that Mr. Cannata was entitled to SEB at the full compensation rate of $193.35 per week and finding the employer, Servpro, to be arbitrary and capricious in its refusal to pay worker’s compensation benefits at the correct rate. The worker’s compensation judge further assessed a $2,000.00 penalty and $2,000.00 in attorney fees against Servpro.[1] It is from this judgment that Servpro appeals.

DISCUSSION

On appeal, Servpro assigns the following two errors:
1) The worker’s compensation judge was legally incorrect and manifestly erroneous in awarding Supplemental Earnings Benefits to the claimant, because the claimant did not prove entitlement to such benefits since he did not make any effort to attempt to return to work.
2) The worker’s compensation judge was legally incorrect and manifestly erroneous in finding that Servpro was arbitrary and capricious and awarding penalties and attorney fees, because Servpro had a reasonable legal and factual basis for all actions taken in this case.
Servpro does not dispute that Mr. Cannata suffered lower back injuries in the accident and that he still has pain resulting from the accident. However, it asserts that he is able to return to work with light duty restrictions. Mr. Cannata argues that he cannot return to any employment due to his pain and therefore, he is entitled to SEB benefits at the full compensation rate.
LSA-R.S. 23:1221(3) sets forth the law pertaining to a claim for SEB, and it provides in pertinent part as follows:
(a) For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and *179 two-thirds .percent of the difference between, the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not' an occupation for which the employee at the time of the injury was particularly fitted by reason of education, training, and experience, such comparison to be made on a monthly basis. Average monthly wages shall be computed by multiplying his “wages” by fifty-two and then dividing the quotient by twelve.
(b) For purpose of Subparagraph (3)(a), of this Paragraph, the amount determined to be the wages employee is able to earn in any month shall in no case be less than the sums actually received by the employee, including, but not limited to, earnings from odd-lot employment, sheltered employment, and employment while working in any pain.
(c)(i) Notwithstanding the provisions of Subparagraph (b) of this .Paragraph, for purposes of Subpara-graph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Sub-paragraph (b) of this Paragraph, which he was .physically able to perform, and 1) which he was offered or .tendered by the employer or any other employer, or 2) which is proven available to the employee in the employee’s or employer’s community or reasonable geographic region.
(ii) For purposes of Subsubparagraph (i) of this Subparagraph, if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.
In order to recover SEB, the initial burden is on the employee to prove by a preponderance of the evidence that he is unable to earn at least ninety percent of the wages that he earned prior to the accident. McKenzie v. Evans Quality Temporaries, 99-518 (La.App. 5 Cir. 10/26/99), 746 So.2d 163, 168-169. If the employee meets this burden, the burden shifts to the employer to demonstrate by a preponderance of the evidence that the employee is physically capable of performing certain jobs and that the jobs were offered or available. Joffrion v. Bryant, 98-1439 (La.App. 3 Cir. 4/14/99), 732 So.2d 767, 770; writ denied, 99-1425 (La.10/1/99), 748 So.2d 440; Blanchard v. Federal Express Corporation, 95-0349 (La.App. 1 Cir. 11/9/95), 665 So.2d 11, 13.
Mr. Cannata saw several doctors after the accident. Dr. Bruce Razza, who was one of the claimant’s treating physicians, and Dr. Robert Múñeles, who saw the claimant at the employer’s request, agree that the claimant suffered severe injuries *180 to his back, and both doctors have indicated that Mr. Cannata is a candidate for surgery.
At trial, Mr. Cannata testified that he is 81 years old and he was 27 at the time of the accident. He stated that his back is always in pain and that his leg is in pain at times. He testified that he can only sit for 10-15 minutes and stand for 5-10 minutes before the pain gets too bad. He stated that he can drive a car on short trips and he picks up his son every day from school. He indicated that he sometimes cooks and washes dishes and clothes, but he stops when his back hurts too badly. He spends most of the day lying around the house watching television. He has not taken pain medication for two years because it makes him feel sick and he has not seen any doctors since he last saw Dr. Razza in November 2001, because there is nothing that they can do, except surgery. Mr. Cannata testified that he has elected not to have the surgery, because it is not guaranteed to relieve his pain and he believes that it could possibly make the pain worse.
Mr. Cannata testified that he has not looked for or tried to work, and he has not talked to any of his doctors about whether or not he could work. Mr. Cannata’s attorney referred him to a vocational evaluation specialist who performed a vocational evaluation on February 20, 2001. This evaluation indicated that Mr. Cannata could not perform light or sedentary work at that time.
Dr. Mímeles ordered a Functional Capacity Evaluation (FCE), because Mr. Cannata indicated that he did not want to have surgery. During the FCE testing, Mr. Cannata had difficulty with some of the tests and he indicated that the pain in his back usually ranges from 4-8 on a scale of 0-10 (0 reflects no pain and 10 reflects severe pain). He stated that his pain was at an intensity of 7 on the date of the testing. The FCE report indicated that Mr. Cannata had some restrictions but he could work at a medium duty job.
Dr. Mímeles reviewed the FCE and recommended that Mr. Cannata should return to light duty work, rather than medium duty. He opined that medium duty work would not further damage Mr. Cannata’s back, but it was more likely to cause his pain to flare up. Dr. Mímeles stated that whether or not Mr. Cannata has surgery, he would have permanent light duty restrictions. The purpose of the surgery would be to relieve his pain, but would not eliminate the need for working restrictions.
In a letter dated March 15, 2001, Mr. Cannata’s treating physician, Dr. Razza, stated that he basically agreed with Dr. Mímeles and the FCE and that Mr. Can-nata could return to light or sedentary work if his pain was tolerable. If the pain was not tolerable, he would recommend surgery. He also agreed with Dr. Mí-meles that Mr. Cannata was at maximum medical improvement if he does not have the surgery.
Servpro retained a vocational rehabilitation counselor, who located various light duty jobs and proposed them to Mr. Can-nata. Mr. Cannata did not apply for any of the jobs because he did not believe that he was able to return to any employment. Dr. Razza reviewed the job listings that were proposed by the vocational rehabilitation counselor, and he did not approve the jobs for Mr. Cannata. Rather, he indicated on each job listing that the prognosis would be favorable after surgery. However, as stated above, if Mr. Cannata is not going to have surgery, Dr. Razza believes that he is at maximum medical improvement and can perform light duty work if his pain is tolerable. Dr. Razza has not indicated that Mr. Cannata is totally dis *181 abled and cannot return to any employment.
Considering the testimony, evidence, and caselaw, we find that Mr. Cannata did not meet his burden of proving by a preponderance of the evidence that he is unable to earn at least ninety percent of his pre-injury wages. Both Dr. Razza and Dr. Mímeles agree that it is Mr. Cannata’s choice whether or not to have surgery. However, he is at maximum medical improvement if he does not have the surgery. The FCE report indicates that Mr. Canna-ta can return to work at a medium duty job. Dr. Mimeles believes that he could try a medium level job, but he would suggest light duty. Dr. Razza indicated that he could perform a light duty job if his pain permits. However, Mr. Cannata testified that he has not looked for or tried any work and he has not even talked to any doctors about his ability to return to work.
Mr. Cannata clearly has some level of disability and pain, and he certainly has restrictions on the duties that he can perform in an employment setting. However, he has failed to establish that he is unable to work at a light duty or sedentary job and that he is unable to earn ninety percent or more of the wages he earned prior to the accident. Therefore, because Mr. Cannata has failed to meet his burden, the burden does not shift to Servpro to show that there are jobs available which the claimant is physically able to perform.
Based on the foregoing, vye find that the worker’s compensation judge’s award of SEB to the claimant, Peter Cannata, was not supported by the record and was manifestly erroneous. Accordingly, we hereby reverse and vacate the award of Supplemental Earnings Benefits to the claimant.
In its second assignment of error, Serv-pro argues that the worker’s compensation judge was manifestly erroneous in finding Servpro to be arbitrary and capricious and in awarding penalties and attorney fees. We agree.
LSA-R.S. 23:1201(F) provides for an assessment of penalties and attorney fees where an employer has refused or failed to pay benefits and medical expenses that are due. Araujo v. Marriott Corporation, 98-1129 (La.App. 5 Cir. 3/30/99), 731 So.2d 432, 437. However, this penalty provision does not apply if the claim is reasonably controverted. Id.
Considering our ruling that Mr. Cannata did not show that SEB were due to him, we find that the claim was reasonably controverted and that the worker’s compensation judge was manifestly erroneous and clearly wrong when she ordered the employer to pay penalties and attorney fees. Accordingly, we reverse and vacate the award of penalties- and attorney fees in this case.

DECREE

For the reasons set forth above, we reverse the judgment of the worker’s compensation judge awarding Supplemental Earnings Benefits to Mr. Cannata and ordering Servpro tó pay penalties and attorney fees.

REVERSED.

. The judgment also awarded medical expenses. However, Servpro filed a Motion for New Trial, asserting that medical expenses were not an issue at trial and that it had already paid the claimant’s medical bills. A hearing on the Motion for New Trial was held on April 25, 2003. On May 7, 2003, the worker’s compensation judge signed an amended judgment, deleting the paragraph from the original judgment that awarded medical expenses and inserting a paragraph reserving the claimant's right to seek payment of medical expenses.