804 So.2d 764 (2001)
Bruce RHONE
v.
BOH BROTHERS.
No. 2001-CA-0270.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2001.
*765 James E. Shields, Jr., Shields & Shields, APLC, Gretna, LA, Counsel for Plaintiff/Appellant.
Michael D. Meyer, New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, and Judge DENNIS R. BAGNERIS, SR.
WILLIAM H. BYRNES III, Chief Judge.
Plaintiff, Bruce Rhone appeals a judgment of the Office of Workers' Compensation Court holding that: (1) he failed to prove that he suffered a work related injury rendering him unable to work on May 26, 1998; (2) because of well documented *766 inconsistencies in his case pursuant to LSA-R.S. 23:1208 and 23:1208.1, plaintiff forfeited all rights to benefits; (3) all costs were assessed against him; and (4) his claim was dismissed with prejudice. The defendant, Boh Bros. Construction Co., LLC, answered Rhone's appeal contending that the Workers' Compensation Judge erred in: (1) failing to levy a civil penalty pursuant to LSA-R.S. 23:1208; (2) failing to order restitution pursuant to LSA-R.S. 23:1208(D); and (3) asking for damages for frivolous appeal.
Mr. Rhone complains that he sustained disabling injuries on May 26, 1994, while lifting railroad ties pursuant to employment with the defendant, Boh Brothers. The parties stipulated that: Mr. Rhone reported an accident immediately; that he was taken for medical treatment; that his average weekly wage was $301.00; that his compensation rate was $201.00; and that he was paid compensation through September 1, 1998. Boh Brothers expressly declared that:
We are not stipulating that he sustained any medical injury as a result of the accident, so the record is clear.

I. CLAIMANT'S FIRST ASSIGNMENT OF ERROR
In his first assignment of error the plaintiff complains that the following language in the judgment is erroneous:
Due to the many inconsistencies, as pointed out by the defendant, including but not limited to the events on May 26, 1998 in the Social Security Administration proceeding, it can not be said that he suffered a work related injury on May 26, 1998 that rendered him unable to work ... [Emphasis added.]
The plaintiff contends that, contrary to what was stated in the judgment, he was not at a Social Security hearing on May 26, 1998. We agree with the defense contention that there is a typographical where the judgment says "in" as highlighted above, and that it should read "and" instead, i.e., the Workers' Compensation Judge was noting the irreconcilable inconsistencies between the case presented by the plaintiff to the Social Security Administration and the case presented by him to the Workers' Compensation Court. The plaintiff does not waste much time on this assignment of error, and neither will this Court. It has no merit.

II. CLAIMANT'S SECOND ASSIGNMENT OF ERROR
In his second assignment of error the plaintiff complains that it was error to allow the defendant's expert, Dr. Culver, to be present in the court room to observe the plaintiff's case and then allow Dr. Culver to testify a second time. The claimant objected especially to those portions of Dr. Culver's second testimony that reflected negatively on the claimant credibility.
Claimant cites LSA-C.E. art. 615 in support of his assertion that it was error for the hearing judge to fail to order the sequestration of Dr. Culver. However, Dr. Culver testified as an expert witness. LSA-C.E. 615 B(3) provides that experts are excluded from the requirement that witnesses be excluded (sequestered) from the trial. Moreover, it is within the broad discretion of the trial court to determine whether to exempt a witness from its sequestration order, to determine whether a witness who is not placed under a sequestration order or who violates an order of sequestration may testify, and in allowing rebuttal evidence. State v. Simien, 95-1407, p. 8 (La.App. 3 Cir. 7/24/96), 677 So.2d 1138, 1143. Resolution of sequestration problems is within the sound discretion of the trial court. State v. Miller, 95-857, p. 17 (La.App. 3 Cir. 1/31/96), 670 So.2d 420, 431. The trial court has the *767 discretion to allow an expert to be present in the courtroom. Maryland Casualty Company v. DeVilbiss Company, 323 So.2d 871(La.App. 2 Cir.1975).[1] We find no abuse of the hearing judge's broad discretion in her refusal to order the sequestration of the expert, Dr. Culver.
The defense argues that although Dr. Culver was called to the stand twice, he did not testify twice. According to the defendant, the second time Dr. Culver was called to the stand, it was a continuation of his testimony from the first day of trial. The record does not support that contention. Our reading of the record indicates that Dr. Culver concluded his testimony the first time he testified.
However, to the extent that it may have been error to allow the defendant to call Dr. Culver twice, we find that it was not reversible error. This was a judge trial. There was no jury to prejudice. Moreover, the hearing judge's written reasons for judgment incorporated into the judgment make no reference to Dr. Culver's testimony. The hearing judge based her decision on the inconsistencies in the defendant's representations to her, the Social Security administration and to doctors. There is no indication that Dr. Culver's testimony the second time was material to the decision of the hearing judge.
LSA-R.S. 23:1317 A provides in pertinent part that:
The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided ...
Workers' compensation judges have the discretion to admit evidence that would otherwise be inadmissible under the Code of Evidence. Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375.
Additionally, the claimant did not object to Dr. Culver's testimony the second time he testified to the extent that it involved Dr. Mielke's report because that report was not available the first time he testified. This Court has determined after a review of the record as a whole that the fact that the second time Dr. Culver testified his testimony went beyond Dr. Mielke's report did not materially prejudice the claimant's case.

CLAIMANT'S FIRST ISSUE BEFORE THE COURT:
In addition to claimant's assignments of error, he also raised as an "issue before the court" the question of whether the trial court inadvertently failed to rule on whether claimant's reasonable and necessary medical expenses should be paid by the defendant. At the outset of his argument in brief claimant states no more than:
The defendant at trial raised many unrelated issues in an attempt to move the Court's attention away from the defendant's duty to give the claimant reasonable and necessary medical treatment, by a physician of his choice, Dr. Trice.
Claimant makes no further mention of this issue until he reaches the end of his brief in the section designated as the "CONCLUSION," where he argues that claimant injured his back in the accident. He further argued that claimant physicians, Dr. Trice and Dr. Manale, as well as the defendant's physician, Dr. Steiner, all felt that the claimant needed medical treatment as a result of back injuries sustained in the accident.
*768 First, when a judgment is silent as to part of relief requested by a claimant the judgment is deemed to have denied that relief. Succession of Lane, 95-0558 (La.App. 4 Cir. 9/28/95), 662 So.2d 82. We, therefore, find that the failure of the trial court to grant claimant's request for medical expenses was not inadvertent.
Secondly, the record supports the conclusion of the trial judge that the claimant failed to prove that he sustained a disabling injury and that he should forfeit all rights to benefits. Claimant filed a claim for total disability with the Social Security administration on January 28, 1998, less than four months prior to the date of the injuries alleged by the claimant to have occurred in May while working for Boh Brothers. Claimant had also made similar claims for Social Security disability in 1990 and 1995.
The evidence taken in connection with claimant's social security claim after the alleged back injury of May 26, 1998, shows emphysema, sleep apnea, stomach ulcers, only one kidney (the other has been removed due to cancer), severe diabetes and loss of vision, none of which had anything to do with a back injury and all of which antedated the accident in May.
His testimony as a social security claimant contained many glaring inconsistencies with his testimony given in connection with the instant proceedings. Moreover, his medical records reveal countless other inconsistencies and discrepancies so numerous as to be pointless to catalogue. The number and materiality of these inconsistencies and discrepancies is such that no reasonable fact finder could believe that they were accidental or unintentional or were due to poor memory, confusion or inadvertence.

III. DEFENDANT'S FIRST ASSIGNMENT OF ERROR
In its first assignment of error contained in its answer to the appeal, Boh Brothers complains that the failure of the hearing judge to levy a civil penalty under LSA-R.S. 23:1208 was error. This issue was first raised by Boh Brothers in its "Seventh Amended Response To Pre-Hearing Questionnaire" as an "Issue to Be Litigated." The hearing judge in her judgment incorporating reasons for judgment held, inter alia, that:
Due to these ma[n]y well documented inconsistencies by the defendant, claimant has forfeited all rights to Worker's Compensation benefits under La. R.S. 23:1208 and La. R.S. 23:1208.1.
LSA-R.S. 23:1208 provides for civil penalties to be levied against any person, who for the purpose of obtaining any Workers' Compensation benefit or payment willfully makes a false representation or payment. Boh Brothers contends that where there has been such a finding under the statute, that the statute mandates the awarding of civil penalties by employing the mandatory "shall." However, LSA-R.S. 23:1208 D, which is the paragraph providing for civil penalties, employs the term "may," not "shall." We, therefore, find that the awarding of civil penalties under these circumstances lies within the discretion of the hearing judge. Boh Brothers has failed to show this Court how the hearing judge abused that discretion. Boh Brothers contends that the authority of Resweber v. Haroil Const. Co., 94-2708 (La.9/5/95), 660 So.2d 7, compels this Court to order a civil fine or the payment of restitution by the claimant. However, we find nothing to that effect in Resweber, not even in dicta. In Resweber the Court ordered only the forfeiture of benefits as did the hearing officer in the instant case. If anything, Resweber provides *769 implicit support for the result reached by the hearing officer in the instant case. We find no merit in this assignment of error.

IV. DEFENDANT'S SECOND ASSIGNMENT OF ERROR
In its second assignment of error, the defendant complains that the failure to order restitution pursuant to LSA-R.S. 23:1208(D) was error. For the reason set forth in connection with Boh Brothers' first assignment of error, we find no merit in Boh Brothers' second assignment of error.

V. DEFENDANT'S REQUEST FOR DAMAGES FOR FRIVOLOUS APPEAL.
In addition to the two assignments of error asserted in the defendant's answer to the appeal, the defendant also asked for damages from the plaintiff for filing a frivolous appeal.
Although we found no merit in claimant's assignments of error we cannot say that they were entirely frivolous. The fact that an appeal is unsuccessful does not mean that it is frivolous. Since appeals are favored, penalties for frivolous appeals should not be granted unless they are clearly due; for example, when there are no serious legal questions, or when it is manifest that the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel is not serious in advocating the view of the law he presents. We do not believe that this appeal was taken solely for the purpose of delay. Nor do we believe that claimant's counsel was not serious in advocating the view he presented. Specifically, we find that claimant's assignment of error regarding Dr. Culver's testimony and the failure to order his sequestration is nonfrivolous in spite of the fact that claimant failed to persuade this Court of the merits of his arguments on those issues. Accordingly, we find no merit in Boh Brothers' third assignment of error.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] This case was decided under former LSA-C.C.P. art. 1631 which in pertinent part has been superceded in this regard by LSA-C.E. art. 615. But the law regarding the sequestration of experts has not changed in any way material to this case.