835 So.2d 774 (2002)
THOMPSON PACKERS, INC.
v.
George C. DOWNEY.
No. 2001 CA 2550.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*775 John A. Keller, Madisonville, Counsel for Plaintiff/Appellant Thompson Packers.
G. Brice Jones, Slidell, Counsel for Defendant/Appellee George Downey.
Before: CARTER, C.J., WHIPPLE and CIACCIO, JJ.[1]
CIACCIO, J.
Plaintiff Thompson Packers appeals a judgment rendered by the Office of Workers' Compensation ("OWC"), dismissing its claim against George C. Downey for workers' compensation fraud in accordance with LSA-R.S. 23:1208.

FACTS
George Downey allegedly injured his right arm and shoulder while in the course and scope of his employment with Thompson Packers. Thompson terminated Mr. Downey's employment in August 1997, but since that time, Thompson has paid Mr. Downey's weekly indemnity and medical benefits for the alleged work-related disability. In June 2000, Thompson filed a disputed claim for compensation alleging fraud.
At trial, William Scurich testified that Mr. Downey called him seeking employment installing vinyl siding. Mr. Downey allegedly said that he needed to be paid in cash because he was currently "out on comp." Mr. Scurich testified that he told Mr. Downey that he could not pay cash and declined to hire him.
And Mr. Scurich testified that on a recent construction project, he saw Mr. Downey finishing sheetrock. But on cross-examination, Mr. Scurich conceded that he was "almost sure" that the man he saw was Mr. Downey. Mr. Downey denied knowing Mr. Scurich or working in any capacity since leaving Thompson.
Before trial, the parties agreed to bifurcate the issues before the court. At a trial specifically to determine whether Mr. Downey committed fraud pursuant to LSA-R.S. 23:1208, counsel for Mr. Downey moved to dismiss Thompson's claim of fraud at the close of Thompson's case-in-chief. In response, OWC granted Mr. Downey's motion and dismissed Thompson's suit. Thompson now appeals, arguing that OWC erred in granting Downey's motion and dismissing its suit for fraud.

LAW AND ARGUMENT
In a non-jury case, the appropriate standard for OWC's determination of a motion to dismiss is whether the plaintiff has presented sufficient evidence on its case-in-chief to establish its claim by a *776 preponderance of the evidence.[2] OWC need not view the evidence in a light most favorable to the plaintiff as is done when a party moves for a directed verdict in a jury case. A motion for dismissal pursuant to LSA-C.C.P. art. 1672(B) requires a judge to evaluate the evidence and render a decision based on preponderance of the evidence without any special inferences in favor of the opponent. In other words, on a motion for involuntary dismissal, OWC is only required to weigh and evaluate the evidence presented to that point and grant the dismissal if plaintiff has failed to establish his claim by a preponderance of the evidence.[3]
Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, the fact or cause sought to be proved is "more probable than not."[4] And as an appellate court, we should not disturb a trial court's credibility determinations and reasonable inferences of fact upon review. Our role is to determine whether OWC's findings were reasonable in light of the record viewed in its entirety. If so, we may not reverse even if convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently.[5]
In order to prove a claim for fraud under LSA-R.S. 23:1208, the employer must prove by a preponderance of the evidence that the employee willfully made a false statement or representation for the purpose of obtaining any benefit payment. Mr. Downey collected workers' compensation benefits based on his contention that he was injured during the course and scope of his employment with Thompson and is now disabled. At trial, Mr. Scurich testified for Thompson that Mr. Downey called him seeking employment and that he saw Mr. Downey on another job, all while allegedly disabled and collecting compensation benefits from Thompson. On cross-examination, Mr. Downey's counsel questioned Mr. Scurich's memory, his credibility and his sister-in-law's relationship with Mr. Downey. In his deposition, Mr. Downey denied knowing Mr. Scurich and denied either seeking or engaging in any other employment while disabled. Faced with two conflicting views of the evidence, we cannot say that the fact-finder's choice between them was clearly wrong.[6] If the trial court did not accept Mr. Scurich's testimony as reliable and credible, Thompson did not prove that Mr. Downey "more probably than not" made a fraudulent workers' compensation claim. This assignment of error has no merit.

CONCLUSION
For these reasons, the OWC judgment dismissing Thompson's suit is affirmed. Costs of this appeal are assessed to Thompson Packers.
AFFIRMED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] See Ross v. Premier Imports, 96-2577 (La. App. 1 Cir. 11/7/97), 704 So.2d 17, 20, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750.
[3] Id.
[4] Id.
[5] Id.
[6] Stobart v. State, through Dept. of Transportation and Development, 617 So.2d 880, 882-883 (La.1993).