833 So.2d 508 (2002)
STATE of Louisiana
v.
Sherwin JOHNSON and James C. Madina.
No. 2001-KA-2334.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 2002.
Order Granting Rehearing January 7, 2003.
*509 Harry F. Connick, District Attorney, Donna R. Andrieu, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Michael H. Idoyaga, Yates & Idoyaga, LLC, New Orleans, LA, for Defendant/Appellant, James C. Madina.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant, Sherwin Johnson.
(Court composed of Judge STEVEN R. PLOTKIN, Judge DENNIS R. BAGNERIS, SR., Judge DAVID S. GORBATY).
STEVEN R. PLOTKIN, Judge.
The issue in this appeal is whether the trial court erred in failing to sanction the violation of its sequestration order. For the reasons below, we affirm the decision of the trial court.

PROCEDURAL HISTORY
James C. Madina and Sherwin Johnson were charged with attempted armed robbery, a violation of La. R.S. 14:27(64). The defendants pled not guilty at their arraignment. The trial court found probable cause and denied motions to suppress the identification. On August 29, 2001, Madina and Johnson withdrew their not guilty pleas and pled guilty as charged, reserving their rights under Alford and Crosby.[1] That same day, the trial court sentenced James C. Madina to three years without benefit of parole, probation or suspension of sentence, with credit for time served, and Sherwin Johnson to time served, sentence to run concurrently with any parole time being served from June 21, 2001, the date the defendant were charged.

STATEMENT OF FACTS
Detective Edward Deiringer[2] investigated the June 21, 2001, attempted armed robbery of the Phuc Loc grocery store. At the scene he met with the victims Ms. Ngoc Trinh, the store cashier, and her fifteen-year-old daughter, Thuy Trinh. *510 The victims told Detective Deiringer that three armed black males entered the store, pointed their guns at Ms. Ngoc Trinh, and demanded that she open the cash register. When she refused, the armed assailants attempted to open the register but were thwarted in their efforts, and ran away empty handed when the register emitted a loud noise. Both victims identified James Madina, a regular patron from the neighborhood, as one of their assailants. Ms. Ngoc Trinh provided the detective with a photograph of Madina posing with her daughter, Thuy Trinh, directed the detective to Madina's apartment in the nearby Gulfway Terrace apartment complex, advised him that the perpetrators left the store in a white Mustang, and supplied physical descriptions of the perpetrators. The officers located the white Mustang in the apartment complex, and observed three men, who fit the descriptions supplied by the victims, exiting the apartment parking lot driving a black car. The officers stopped the suspects, and returned them the store where the victims positively identified Madina and Johnson as two of their assailants.

ERRORS PATENT
Counsel for James C. Madina filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling, which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. The defendant did not file a brief.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 14:27(64), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, guilty plea and sentencing. The record reveals that the defendant was properly informed of his rights and an effective waiver of those rights was obtained before the guilty plea was accepted by the court in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The sentence is legal in all respects. An independent review of the record reveals no non-frivolous issue and no trial court ruling, which arguably support the appeal. Thus, there are no errors patent on the face of the record as to defendant Sherwin Johnson.

ASSIGNMENT OF ERROR
In a sole assignment of error, Johnson argues that the trial court erred when it permitted the testimony of State's witness, Thuy Trinh, after she allegedly violated a sequestration order imposed on the witnesses by the trial judge.
Both victims testified during the August 9, 2001, motion hearing. Prior to Ngoc Trinh's testimony, counsel for James Madina requested a sequestration order, which the trial court imposed. During part of Ngoc Trinh's testimony defense counsel observed Thuy Trinh in the courtroom. Defense counsel informed the judge of Thuy's presence, and objected to *511 the trial court's permitting Thuy Trinh to testify. La.C.E. art. 615 governs the exclusion or sequestration of witnesses, and it provides in pertinent part:
A. As a matter of right. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.
B. Exceptions. This Article does not authorize exclusion of any of the following:
(1) A party who is a natural person.
(2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney.
(3) A person whose presence is shown by a party to be essential to the presentation of his cause such as an expert.
(4) The victim of the offense or the family of the victim.
In the instant case the judge ordered, "the other witnesses be sequestered." Thuy Trinh's presence in the courtroom during her mother's testimony was not a violation of the sequestration order because Thuy Trinh was a victim[3], as well as the daughter of Ngoc Trinh, the second victim in this case. Therefore, she had a right to be in the courtroom and was not subject to the sequestration order.
Further, the purpose of a sequestration order is to prevent a witness from hearing or learning of the testimony of the other witnesses before he takes the stand, preventing the witness from deliberately tailoring his testimony to that of other witnesses. A sequestration order is also intended to exclude conscious and subconscious influence by one witness upon another. An order sequestering the witnesses is designed to do two things: (1) insure that a witness will testify from to his own knowledge of the case without being influenced by the testimony of another witness and (2) strengthen the role of cross-examination in developing facts. State v. Kimble, 407 So.2d 693 (La.1981).
In this case, the record shows that Thuy Trinh's testimony was not influenced by her mother's testimony, and that the defendant's ability to cross-examine Thuy Trinh was not undermined. Thuy Trinh's testimony at the motion hearing was identical to the information she provided Detective Deiringer on the day of the offense. Thuy Trinh told the detective that she knew one of the perpetrators as "James" and that he lived in the Gulfway Terrace apartment complex, near the store. Thuy Trinh provided the detective with a picture of herself posing with James Madina. She gave Detective Deiringer a physical description of the perpetrators, and identified the defendants in a lineup in the store parking lot. On cross-examination Thuy Trinh admitted that she heard part of her mother's testimony. However, the record reflects that Thuy Trinh's testimony was not influenced by her mother's testimony as she testified to exactly the same information she provided Detective Deiringer on the night of the offense. The defendant has not shown that Thuy Trinh's testimony undermined his ability to cross-examine her. See State v. Lewis, *512 367 So.2d 1155 (La.1979)[4]. Defense counsel's thorough cross-examination of Thuy Trinh failed to reveal any discrepancies between her testimony at the motions hearings and the information she supplied to the police the night of the offense. Thus, even if Thuy was not exempt from the sequestration order, her presence in the courtroom did not affect her testimony.

CONCLUSION
For the foregoing reasons, we find that the trial court did not err in admitting the testimony of Thuy Trinh into evidence. Defense counsel's motion to withdraw is granted.
Therefore, the defendants' conviction and sentence are affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
STEVEN R. PLOTKIN, Judge.
Due to an administrative error defendant's pro se brief was not considered in this Court's original opinion. Thus, defendant's claim of ineffective assistance of counsel is preserved for post conviction relief.
Defendant's other claim was that the trial judge erred in not granting the motion to suppress the identification. The defendant alleges that the identification was tainted. There is nothing in the record to indicate that the district attorney improperly pointed to the defendant during the motion to suppress hearing. The transcript shows that Ngoc Trinh pointed to one of the men wearing a brown shirt and the district attorney was attempting to distinguish to whom Trinh was referring. Trinh testified that the police produced three men for her to view and she identified two of them. During the motion hearing she got off the witness stand, went to the defense table and identified the defendants as the two men who she had previously identified as the ones who attempted to rob her. Thus, this claim is without merit.
REHEARING GRANTED; RELIEF DENIED.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) (permits a person accused of a crime to voluntarily and knowingly consent to the imposition of a prison sentence without admitting guilt). State v. Crosby, 338 So.2d 584 (La.1976) (preserves for appellate review alleged pre-plea errors).
[2] The detective's name is spelled interchangeably throughout the record as either "Deiringer" or "Dieringer".
[3] Thuy Trinh was in the store with her mother, Ngoc Trinh, the cashier in the store, when the three perpetrators attempted to rob the store. Thuy Trinh testified that during the attempted robbery, James Madina pointed a gun at her.
[4] Overruled in part on other grounds, State v. Holden, 375 So.2d 1372 (La.1979).