|,CLAIBORNE, J.
This an appeal by the claimant, Evangeline Diggs, from a judgment of the workers’ compensation judge (WCJ),[2] finding that she violated La. R.S. 23:1208 and 1208.1 and thereby forfeited her rights to workers’ compensation benefits, and dismissing her claim with prejudice.
FACTUAL AND PROCEDURAL BACKGROUND
Ms. Diggs was driving a garbage truck for the defendant, SWDI, L.L.C. (SWDI), when another motorist collided with the garbage truck while attempting to pass it. At trial, the parties stipulated that Ms. Diggs was hired by SWDI on August 1, 2001, and that the accident occurred on August 13, 2001, while she was in the course and scope of her employment with SWDI.
As a result of the accident, Ms. Diggs complained of injury to her neck, back, and arm, and she was taken by ambulance to Lady of the Sea General Hospital. She was diagnosed with having a neck and back sprain, given pain medication, and told to do light duty work for three to four *649 days, to resume normal activities as tolerated, and to follow up with her family doctor in two to three days.
She subsequently followed up her treatment with Dr. Gary Guidry, an orthopedic surgeon in Houma, Louisiana, who examined Ms. Diggs on August 22, 2001, and prescribed pain medication and physical therapy and recommended that she not return to work. Although Ms. Diggs’ x-rays were normal, Dr. Guidry detected spasms in her neck and back, and he felt that she had a cervical and lumbosacral strain. Ms. Diggs saw Dr. Guidry again on September 12, 2001, with continuing symptoms of pain in her neck and | aback, and at that time he recommended she have a cervical and lumbar MRI to determine if she had a disc injury.
The test was not performed for several months, because it was not authorized by SWDI, and in the meantime, Ms. Diggs filed a disputed claim for compensation. When the MRI was performed, it showed no evidence of a disc injury, and Dr. Gui-dry concluded that Ms. Diggs suffered from a soft tissue injury with a strain. As he is an orthopedic surgeon and did not feel he could offer her any additional help, he released her from his care at that time.
After trial on the merits was held on May 8, 2002, the WCJ found that Ms. Diggs had forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 because she had willfully made false statements and representations for the purpose of obtaining benefits. The WCJ also found that Ms. Diggs had forfeited her benefits under La. R.S. 23:1208.1 because she gave untruthful answers on SWDI’s medical history questionnaire. Ms. Diggs’ workers’ compensation claim was dismissed with prejudice at her costs. From that judgment, Ms. Diggs now appeals, urging the following assignments of error:
1. The WCJ was clearly wrong in determining that Ms. Diggs had forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 by making willful misrepresentations for the purpose of securing benefits.
2. The WCJ was clearly wrong in failing to consider whether SWDI’s medical history questionnaire violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.
3. The WCJ was clearly wrong in determining Ms. Diggs had forfeited her right to workers’ compensation benefits by providing false answers to a pre-employment medical history questionnaire completed at the office of the doctor who performed Ms. Diggs’ pre-employment physical examination, although the questionnaire did not meet the form requirements of La. R.S. 23:1208.1.
|44. The WCJ was clearly wrong in failing to determine that SWDI’s medical history questionnaire was ambiguous and not designed to elicit information that would allow the employer to discern if it has hired or will hire a worker with a permanent partial disability for Second Injury Fund purposes.
5. The WCJ was clearly wrong in concluding that Ms. Diggs’ answers to SWDI’s medical history questionnaire provided the basis for forfeiture of benefits without further proof:
a) That the subsequent injury was inevitable or very likely to occur because of the presence of any preexisting condition;
b) Of a permanent partial disability;
c) That any permanent partial disability was so serious as to hinder claimant’s employment;
*650 d) That the employer had actual knowledge of the employee’s permanent partial disability before the occurrence of the injury forming the basis of the compensation claim; and
e) That the permanent partial disability merged with the injury to produce an even greater disability.
SWDI has answered the appeal, arguing that the WCJ erred by failing to award sanctions and restitution, including the cost of litigation and attorney’s fees, pursuant to La. R.S. 23:1208 and 1208.1.
LAW AND ANALYSIS
In her first assignment of error, Ms. Diggs asserts the WCJ erred in determining that she had forfeited her right to workers’ compensation benefits under La. R.S. 23:1208 by willfully making false statements for the purpose of obtaining benefits. She argues that the WCJ’s main focus was on her responses to SWDI’s medical history questionnaire and that, as those responses were given prior to her work-related accident, they could not have been made for the purpose of obtaining benefits and could not form the basis of a forfeiture under La. R.S. 23:1208. With respect to any alleged misrepresentations made by Ms. Diggs after the work-related accident at issue in this litigation occurred, she asserts that they could not result in forfeiture, because they were inadvertent or inconsequential.
[..¡Louisiana Revised Statute 23:1208 provides, in pertinent part, as follows:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
D. In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
This statute applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits and, therefore, generally becomes applicable at the time of an employee’s accident or claim. The statute is broadly worded and encompasses false statements or misrepresentations made to anyone, including the employer, physicians, or insurers, when made willfully or deliberately for the purpose of obtaining benefits. There is no requirement that an employee be put on notice of the consequences of making such false statements or misrepresentations. Resweber v. Haroil Construction Company, 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7, 9; see also Varnado v. Winn-Dixie Louisiana, Inc., 98-0301 (La.App. 1st Cir.9/25/98), 720 So.2d 66, 70. The only requirements for forfeiture of benefits under La. R.S. 23:1208 are that (1) there is a false statement or representation; (2) it is willfully made; and (3) it is made for the purpose of | ¡¡obtaining or defeating any benefit or pay *651 ment. Resweber, 660 So.2d at 12; see also Varnado, 720 So.2d at 71.
The issue of whether an employee forfeited his workers’ compensation benefits is one of fact, which is not to be reversed on appeal absent manifest error. Before an appellate court may reverse the factual determinations of a WCJ, it must find from the record that a reasonable factual basis does not exist for the findings and that the record establishes that the findings are clearly wrong or manifestly erroneous. Hull v. Fluker Farms, 00-0757 (La.App. 1st Cir.5/11/01), 787 So.2d 535, 589, writ denied, 01-2291 (La.11/16/01), 802 So.2d 612. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
When Ms. Diggs began receiving treatment for her neck and back from Dr. Guidry after her accident, she represented to him that she had not had prior problems with her neck. However, records show that on April 14, 2000, she had slipped and fallen in Rouse’s Supermarket and gone to the emergency room complaining of pain in the back of her head and in her neck. The doctors took x-rays of her skull and spine, the results of which were normal, and she was diagnosed with having a contusion of the scalp and a neck strain. When questioned about this at trial, Ms. Diggs denied that she had any neck pain after her fall at Rouse’s. She stated that emergency room personnel thought she might have sprained her neck when she fell, but that she complained to them only about pain in her head, not in her neck. However, several times throughout the hospital records, notations show that 17Ms. Diggs was complaining of neck pain, and she was diagnosed with having a neck strain and given special instructions to work on the range of motion of her neck. Furthermore, in a lawsuit entitled Evangeline Diggs v. Rouse’s Enterprises, L.L.C. d/b/a Rouse’s Supermarket and filed in the Seventeenth Judicial District Court, the petition for damages, which was introduced into evidence by SWDI, contains allegations that Ms. Diggs injured the back of her head and strained her neck when she fell in the supermarket.
Although Ms. Diggs represented to Dr. Guidry when she began seeing him in August of 2001 that she also had not had prior problems with her back, medical records reveal that she began seeing Dr. Pete H. Rhymes, an orthopedic surgeon, in June of 1996 complaining of pain in her left hip and leg and pain in her lumbar back. She told Dr. Rhymes that as a result of an automobile accident in 1994, she suffered a broken femur that required surgery on her left hip and leg. The doctor had put pins and a rod in her hip and leg. She told Dr. Rhymes that she had been in another automobile accident in May of 1996, which was causing pain in her left leg and hip and lumbar back, and that the pain was constant and had been getting worse since the accident. She answered a question on Dr. Rhymes’ medical questionnaire by writing, “can’t walk for [sic] at all for my leg and for the pain in my lower back.” Ms. Diggs returned to Dr. Rhymes in October of 1996, complaining of severe and unbearable pain in her back. He ordered a CT scan to assess her inner vertebral disc status, but it was can-celled and apparently never rescheduled. When questioned about this at trial, Ms. Diggs testified that she did not remember telling Dr. Rhymes that she was experi *652 encing back pain or him recommending a CT scan of her back.
|sMs. Diggs also made misrepresentations regarding her applications for Social Security disability benefits. The Social Security records admitted into evidence clearly show that Ms. Diggs applied for benefits based on the hip and leg injury she had received in the automobile accident in 1994. In interrogatories propounded by SWDI, Ms. Diggs was asked if she had ever applied for Social Security disability benefits. She answered, “Yes. Plaintiff has applied on four separate occasions for Social Security Disability benefits. However, none of the attempts to receive disability benefits was based on a physical disability. The requests were made with regard to a learning disability, particularly reading.” The only Social Security disability applications which were introduced into evidence were based on Ms. Diggs’ physical problems with her leg, and there were none introduced concerning a learning disability.
When questioned at trial, Ms. Diggs first testified that she did not fill out the Social Security forms concerning the physical problems with her leg, but one of her sister-in-law’s friends did. Subsequently, she testified that her father applied for those benefits for her, because she was a minor at the time. However, the applications are dated June 4, 1996, and September 28, 1997, and Ms. Diggs, born November 17, 1976, was not then a minor. She signed the applications herself.
Although Ms. Diggs’ answers to SWDI’s medical history questionnaire are not directly relevant with regard to a violation of La. R.S. 23:1208, the reasons she gave at trial for those answers are relevant with regard to the WCJ’s credibility determinations. Ms. Diggs offered several reasons why she failed to indicate on the medical history questionnaire that she suffered from various prior medical conditions. First, she testified that she could not read very well. She claimed she just answered “no” to |9everything without reading the questions because she figured there was nothing wrong with her. However, the WCJ found there was objective evidence that Ms. Diggs has fundamental reading skills; for example, she has graduated from Diesel Driving Academy and obtained her CDL license, a requisite of which is a written knowledge and skills test.
Ms. Diggs later testified that she thought the questionnaire was only asking how she felt at the time she was filling out the questionnaire, even though it clearly asks to indicate “whether or not you currently have or previously have had any of the following conditions.” The WCJ specifically found that her “various excuses” demonstrated her lack of credibility. The WCJ’s determination regarding Ms. Diggs’ credibility is reasonable.
We find this case to be similar to Var-nado, wherein this Court held that the evidence supported a finding that the claimant -willfully made false statements or representations regarding his medical history and injury to his lower back for the purpose of obtaining workers’ compensation benefits, and thus, forfeited any right to those benefits. The claimant misrepresented his past physical condition to two treating physicians and made false statements during his testimony at a hearing. Although the claimant asserted during the hearing that he had not injured his lower back or reported symptoms of lower back pain prior to his alleged work-related accident, the medical evidence established that he had sustained injury to his lower back, had reported lower back pain to his medical providers, and had received treatment for his lower back pain on several *653 previous occasions. Varnado, 720 So.2d at 71.
After reviewing the record in its entirety, we find a reasonable factual basis exists to support the WCJ’s conclusion that Ms. Diggs made false statements or representations, that such statements or representations were |1flmade willfully, and that they were made for the purpose of obtaining compensation benefits. Accordingly, we conclude the WCJ did not err in determining that Ms. Diggs forfeited her right to workers’ compensation benefits under La. R.S. 23:1208. Since Ms. Diggs has forfeited her right to benefits, it is unnecessary to address Ms. Diggs’ remaining assignments of error.
SWDI has answered the appeal, arguing that the WCJ erred by failing to award sanctions and restitution, including the cost of litigation and attorney’s fees, pursuant to La. R.S. 23:1208 and 1208.1. Although La. R.S. 23:1208(D) does provide for civil penalties and restitution, the authority to order such an award lies within the discretion of the WCJ. Rhone v. Boh Brothers, 01-0270 (La.App. 4th Cir.12/12/01), 804 So.2d 764, 768-69. We find that the WCJ did not abuse his discretion in failing to order such an award.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the WCJ, finding that Ms. Diggs forfeited her right to workers’ compensation benefits and dismissing her .claim with prejudice.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation district from which the appeal was taken and the name of the WCJ who rendered the judgment. The WCJ was Honorable Glynn F. Voisin of the Office of Workers’ Compensation Administration, District 9.