TERRI F. LOVE, Judge.
Plaintiff Sandra Simmons appeals, pro se, the trial court’s ruling that she failed to prove her injury was a work-related accident. Defendants, Associated Hospital Services, Inc. and Louisiana Workers’ *1045 Compensation Corporation appeal the judgment in so far as civil penalties were not assessed against Simmons for willful misrepresentation. We affirm the judgment of the trial court for the following reasons.

FACTS AND PROCEDURAL HISTORY

On March 16, 2001, Sandra Simmons (“Simmons”) contends she suffered a slip and fall after she clocked out of work and was returning to her workstation. At the time of the accident, Simmons was employed as a “sheet runner” by Associated Hospital Services (“AHS”). AHS processes soiled laundry from local hospitals and medical facilities and Simmons’ primary duty was to run clean sheets through a large machine press. On March 16, 2001, Simmons contends that she was feeling ill and nauseous from the stench of soiled sheets in the plant. After informing her supervisor that she was feeling ill, Simmons contends that her supervisor advised her to clock out of work, return to her workstation and wait for him there so that he may speak with her. Simmons clocked out of work and was returning to her workstation when she slipped on a piece of plastic wrap. Claimant filed a claim with the Louisiana Workers’ Compensation Corporation (“LWCC”). On March 19, 2001, Simmons was informed that AHS terminated her employment.
Defendants AHS and LWCC maintain that Simmons never informed her supervisor that she was feeling ill. AHS claims that Simmons was upset that Simmons’ significant other, who was a co-employee, was sent home for disciplinary reasons. Simmons approached the supervisor who informed her to go back to work. AHS contends that in an act of subordination, Simmons decided to leave work and was informed if she clocked out, she was not to return. Based on this action, on March 19, 2003, AHS terminated Simmons’ employment. AHS alleges that Simmons’ injury was fabricated and is evidenced by the various inconsistent statements made by Simmons as it relates to the cause of the accident.
At the workers’ compensation hearing, AHS’ Production Manager Myles Peters testified, that immediately after Simmons’ alleged slip, she informed Peters that a cart hit her as she headed back to her workstation after clocking out. AHS admitted into evidence the ambulance report sheet, which indicated that Simmons informed the ambulance attendants that she tripped over a low railing as she headed back to her workstation after clocking out. However, Simmons testified that she fell on an approximate 8-inch by 10-inch ball of wrapping plastic as she headed back to her workstation. The workers’ compensation judge held that Simmons failed to prove, by a preponderance of the evidence presented, that she did suffer a slip and fall in the course and scope of her employment. The workers’ compensation judge also held that AHS and LWCC failed to carry their burden of proof in establishing that Simmons made willful misrepresentations in an effort to obtain workers’ compensation benefits. From this decision, Simmons, AHS and LWCC appeal.

LAW AND DISCUSSION

On appeal, in one assignment of error Simmons alleges that the workers’ compensation court erred in finding that she did not carry her burden of proof in establishing that she suffered a slip and fall sufficient to satisfy compensation pursuant to Louisiana Workers’ Compensation Act. Further, AHS and LWCC, allege the workers’ compensation court erred in finding that AHS and LWCC failed to carry the burden of proof required to establish that Simmons willfully violated La. R.S. 23:1208. La. R.S. 23:1208(A) provides in pertinent part:
*1046 It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

First Assignment of Error

The standard for review in workers’ compensation cases is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court’s findings of fact unless they are clearly wrong in light of the record reviewed in its entirety. Matthews v. Taylor Temporary, Inc., 97-1718, p. 1 (La.App. 4 Cir. 12/12/01), 707 So.2d 1021, 1022, citing Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. Further, “[t]he trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error.” Bruno v. Harbert Int’l., Inc., 593 So.2d 357, 361 (La.1992). The employee in a workers’ compensation case has the burden of proving that an accident occurred in the course and scope of his employment, that the accident caused his injury, and that the injury caused his disability. Gonzales v. Babco Farm, Inc., 535 So.2d 822, 823 (La.App. 2 Cir.), writ denied, 536 So.2d 1200 (La.1988); Walton v. Normandy Village Homes Ass’n, Inc., 475 So.2d 320, 324 (La.1985). It is by a preponderance of the evidence that the worker/claimant must prove the accident occurred. Bruno, 593 So.2d at 361. The burden that both the employee and employer bear in establishing whether compensation benefits are due was described by the court in Joffrion v. Bryant, 98-1439, p. 4 (La.App. 3 Cir. 4/14/99), 732 So.2d 767, 770. The court stated:
Initially, the employee must prove by a preponderance of the evidence that due to a workplace injury, he or she is unable to earn at least ninety percent of the wages earned prior to the injury. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161. Once the employee satisfies that initial burden, in order to defeat the employee’s claim for supplemental earnings benefits (“SEBs”) the employer must demonstrate, by a preponderance of the evidence “that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region.” 97-0688 at p. 8; 704 So.2d at 1166. However it is only after the employee carries his initial burden of establishing entitlement to SEBs that the burden shifts to the employer. See Smith v. Hamp Enterprises, Inc., 95-2343 (La.App. 4 Cir. 4/17/96), 673 So.2d 267.
At the trial on the merits, Simmons testified that she was not aware what happened when she fell. She contends that she “blacked out” upon her slip and fall and cannot remember the events surrounding the accident. On cross-examination Simmons testifies:
Q: Right. Now when you fell, you said, you didn’t see anything? You just fell?
A: No. I didn’t.
Q: At the time that occurred, you are telling us you have no clue why you just fell?
A: I have no clue.
During cross-examination, Simmons was asked about the recorded statement that she gave Darren Evans, the insurance company agent, in which she was asked, *1047 “ ‘Was it thereafter you had fallen?” And he is referring to the plastic.’ ” Simmons answered, “ ‘I really don’t know because I had got blurry and I was in pain. I couldn’t get up. I couldn’t move at no time until the ambulance came.’ ” Then, when questioned about the Workers’ Compensation Questionnaire, Simmons was asked:
Q: So in this document you wrote that you slipped on wrapping paper, then over the yellow railing. Now | syour testimony today is you are not sure?
A: I don’t remember.
Q: So you don’t remember whether—
A: I said, I don’t remember. It’s been too long.
Simmons also testified that she was aware that the 8 inch by 10 inch ball of plastic on the floor of the plant caused her to fall because she tried to cushion her fall by holding on to the railings she allegedly slid underneath. On several occasions, Simmons testified that she simply could not remember certain events surrounding the injury in question. Simmons made various inconsistent statements in her workers’ compensation questionnaire, and again in her testimony at the trial on the merits. Simmons, as well as AHS and LWCC, established that the cause of such inconsistencies might be based on the fact that Simmons was medicated when these accounts were taken. Simmons was once again presented with her recorded statement on cross-examination:
Q: Can you explain that entry for me? (referring to the inconsistencies)
A: Yes. Mr. Warrens, at the time of my injury on the job, I don’t know what I said at the time because I didn’t even know I was going to be getting al of these questions asked at me, while I’m injured and hurt at the time... .At the time everything, all these questions was asked of me, I wasn’t even at right — I was at a mental state at that time; so at that time I was going through mental stress, mental anguish, and everything else you can name at that time ...
On re-direct examination Simmons testified as to her mental state on the morning the questionnaire was answered.
Q: First of all, what medication were you on that morning ma'am? .
A: I was taking Tylenols, Ibuprofens at that time.
Q: Those are prescribed by the doctors at Methodist?
A: Methodist prescribed me Vicodin.
Q: Did you experience any difficulty when giving this statement, ma'am? Any difficulty giving this statement at all?
|fiA: He was rushing through it and speaking at the time I’m trying to speak. He was overtalking me, rushing through it; and, like I said, at that time I wasn’t even — I was not at the state of mind and body, you know, to function.
After reviewing all the evidence and taking into account all testimony given, the workers’ compensation court held that,
“[djespite the testimony to the contrary, it is possible that claimant did actually slip and fall after she punched out ... However, the possibility of a slip and fall does not rise to the level that claimant carried her burden that she did suffer a slip and fall.”
The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness Search Term End. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036. Reasonable credibility evaluations and fae- *1048 tual inferences should be determined by the trial court and under the manifest error standard of review, should not be disturbed upon review where conflict exists in the testimony or the facts. Blair v. Wal-Mart Stores, Inc., 2001-2211, p. 8 (La.App. 4 Cir. 5/15/02), 818 So.2d 1042, 1049. We may not disturb the findings of fact below, regardless of our own view of the evidence, so long as those findings are reasonable. Angulo v. ATM Painters and Constr., Inc., 98-2363 (La.App. 4 Cir. 5/5/99), 733 So.2d 1222 citing Brock v. Morton Goldberg Auction Galleries, Inc., 95-1324 (La.App. 4 Cir. 3/14/96), 671 So.2d 1008, 1012. Where there are two permissible views of evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164. Because determination of the existence of a work-related injury is question of fact involving credibility of witnesses, determination of the trial judge, who had opportunity to observe and hear the witnesses, is given great weight on review. State v. Richardson, 459 So.2d 31 (La.App. 1 Cir. 1984). In the present case, the trial court judge had an opportunity to observe the witnesses and hear them during their testimony and after a careful review of the record, we cannot say that the worker’s compensation judge’s findings of fact and evaluations of the conflicting testimony as to Simmons’ disability were unreasonable. Thus, we do not find that workers’ compensation court was manifestly erroneous or clearly wrong in its factual finding on this issue. Therefore, the worker’s compensation judge’s finding for the defendant-appellees is affirmed.

Second Assignment of Error

AHS and LWCC contend that the Simmons’ inconsistent statements regarding the cause of her injury are sufficient to carry the burden of proof that Simmons willfully made false representations. AHS and LWCC argue that the factual evidence mandates a finding that Simmons fabricated this claim and repetitively violated LSA-R.S. 23:1208 by making varying inconsistent statements and providing false testimony. In so far as civil penalties apply, La. R.S. 23:1208(D) provides:
In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
To prove fraud under the statute, the employer must prove, by a preponderance of the evidence, that the employee willfully made a false statement or representation for the purpose of obtaining any benefit payment. Thompson Packers, Inc. v. Downey 2001-2550 (La.App. 1 Cir. 11/8/02), 835 So.2d 774, 776. Proof by a preponderance of the evidence simply means that, taking the evidence as a whole, the fact or cause sought to be proved is “more probable than not.” Id. citing Ross v. Premier Imports, 96-2577 (La.App. 1 Cir. 11/7/97), 704 So.2d 17, 20, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750. The appellate court should not disturb the trial court’s credibility determinations and reasonable inferences of fact upon review. Id. The appellate court’s role is to determine whether the workers’ compensation judge’s findings were reasonable in light of the record viewed in its entirety.
*1049 In addressing whether the court erred in determining that AHS and LWCC did not meet their burden of proof, this court held that if the inconsistencies and discrepancies are such that a reasonable fact finder could believe that they were accidental or unintentional or were due to poor memory, confusion or inadvertence, then such may not be viewed as being made for the sole purpose of obtaining workers’ compensation benefits, and therefore, not in violation of La. R.S. 23:1208. Rhone v. Boh Brothers, 2001-0270, p. 6 (La.App. 4 Cir. 12/12/01), 804 So.2d 764 at 768. La. R.S. 23:1208(A) provides:
It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
In so far as it pertains to civil penalties to be levied against any person who willfully makes a false representation or payment for the purpose of obtaining any Workers’ Compensation benefit or payment, La. R.S. 23:1208(D) provides in pertinent part:
... any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution.
(Emphasis added)
AHS and LWCC argue that, upon a showing that Simmons willfully violated La. R.S. 23:1208, the law mandates that civil penalties be assessed. In Rhone, Boh Brothers argued that La. R.S. 23:1208 “mandates the awarding of civil penalties by employing the mandatory “shall.” However, this court held that La. R.S. 23:1208 employs the term “may,” not “shall,” thus, the awarding of civil penalties lies within the discretion of the workers’ compensation judge. We continue to interpret the statute as such.
In the present case, AHS’ and LWCC’s burden of proof was to establish, by a preponderance of the evidence, that claimant willfully misrepresented facts in an effort to obtain Workers’ Compensation benefits. Although, at the trial on the merits, AHS and LWCC presented evidence that Simmons provided conflicting versions as to the events surrounding her injury, defendants did not demonstrate how Simmons provided willful misrepresentations. AHS established that it is possible that Simmons was injured in a manner other than what she can recall, however, this finding is not sufficient to establish willful misrepresentation.

CONCLUSION

Therefore, for the foregoing reasons, we affirm the judgment of the workers’ compensation court.