ROLAND L. BELSOME, Judge,
h STATEMENT OF CASE
Defendant, Gary Breaux, was charged by bill of information on May 11, 2010 with possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(B)(1) (Count 1), possession of diazepam, a violation of La. R.S. 40:969 (Count 2), and possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (Count 3). At the arraignment, the Defendant pled not guilty and was appointed counsel. Counsel for Defendant filed a motion for discovery and for a bill of particulars; a motion to suppress statement, evidence, and identification; a motion to preserve the evidence; and a motion for preliminary examination. The trial court denied the motions and found probable cause as to all three counts.
A jury found Defendant guilty of possession of cocaine with intent to distribute, and not guilty with respect to the charge of possession of a firearm by a convicted felon and not guilty with respect to the charge of possession of diazepam. Defendant subsequently filed a motion for new trial, which was denied.
A sentencing hearing was held, at which time Defendant was sentenced to ^twenty years at hard labor, with credit for time served. After a multiple bill hearing was held that same day, Defendant was charged as a multiple offender pursuant to the provisions of La. R.S. 15:529.1 and *283 adjudicated a third felony offender.[1] Accordingly, the trial court vacated Defendant’s prior sentence and resentenced him as a multiple offender to thirty years at hard labor with credit for time served.

ERRORS PATENT

An examination of the record evidences one error patent with respect to Defendant’s sentence. The multiple offender sentence imposed under La. R.S. 15:529.1 must be served without the benefit of probation or suspension of sentence. La. R.S. 15:529(G). The trial court omitted reference to the sentence being served without benefit of probation or suspension of sentence. However, La. R.S. 15:301.1(A) provides that in instances where the statutory restrictions are not recited at sentencing, they are deemed contained in the sentence, whether or not imposed by the sentencing court. State v. Willis, 2010-1613, p. 5 (La.App. 4 Cir. 9/7/11), 75 So.3d 17, 19, writ denied sub nom., State ex rel. Willis v. State, 2011-2535 (La.7/27/12), 93 So.3d 586 (citing State v. Williams, 2000-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799).
Consequently, no action is needed to correct the trial court’s failure to specify that the defendant’s sentence is to be served without benefit probation or suspension of sentence as the correction is statutorily effected. State v. Willis, 2010-1613, p. 5, 75 So.3d at 19 (citing State v. Thomas, 2010-0651, p. 3 (La.App. 4 Cir. 6/8/11), 70 So.3d 96, 100-01).
Defendant’s sole assignment of error on appeal is that the trial court abused its discretion in excluding his father as a witness after he violated the court’s sequestration order.
Article 764 of the Code of Criminal Procedure provides that the exclusion of witnesses is governed by Louisiana Code of Evidence Article 615, which provides as follows:
A. As a matter of right. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.
B. Exceptions. This Article does not authorize exclusion of any of the following:
(1) A party who is a natural person.
(2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney.
(3) A person whose presence is shown by a party to be essential to the presentation of his cause such as an expert.
(4) The victim of the offense or the family of the victim.
C. Violation of exclusion order. A court may impose appropriate sanctions for violations of its exclusion order including contempt, appropriate instructions to the jury, or when such sanctions are insufficient, disqualification of the witness. [Emphasis added].
*284 “The purpose of the sequestration article is to prevent witnesses from being influenced by the testimony of earlier witnesses, and to strengthen the role of cross-examination in developing the facts.” State v. Doleman, 2002-0957, p. 11 (La.App. 4 Cir. 12/4/02), 835 So.2d 850, 858 (citing State v. Castleberry, 98-1388, p. 28 (La.4/13/99), 758 So.2d 749, 772; State v. Chester, 97-2790, p. 8 l4(La.12/l/98), 724 So.2d 1276, 1282); see also State v. Coleman, 2002-1000, p. 16 (La.App. 4 Cir. 9/25/02), 828 So.2d 1130, 1140.
“The trial judge, in his discretion, may determine the disqualification of a witness when a rule of sequestration has been violated.” State v. Draughn, 2005-1825, p. 57 (La.1/17/07), 950 So.2d 583, 621 (citing State v. Stewart, 387 So.2d 1103, 1107 (La.1980)). This Court has recognized that “[resolution of sequestration problems is within the sound discretion of the trial court” and that such determinations will not be disturbed on appeal absent an abuse of that discretion. Rhone v. Boh Bros., 2001-0270, p. 3 (La.App. 4 Cir. 12/12/01), 804 So.2d 764, 766-67; see also State v. Draughn, 2005-1825, p. 57, 950 So.2d at 621; State v. Coleman, 2002-1000, p. 16, 828 So.2d at 1140. However, “[w]hen the exclusion is of a defense witness, the matter takes on constitutional significance, as the defendant’s right to compel the attendance of witnesses and to present his defense may be impaired.” State v. Armstead, 432 So.2d 837, 842 (La.1983).
The State submits that it is undisputed that Defendant’s father, a witness for Defendant, was present in court during Sergeant Sam Palumbo’s testimony at trial, in violation of the court’s sequestration order. The State also emphasizes that the trial court discussed at length the possibility of either a cautionary instruction to the jury or holding counsel in contempt before determining that disqualification of Defendant’s father as a witness was the only feasible solution. The trial court concluded that a contempt finding would not be appropriate because the violation of the sequestration order appeared to be unintentional, and the trial court was unable to imagine an appropriate jury instruction for the violation. Therefore, the Instate submits that the trial court did not abuse its discretion in disqualifying Defendant’s father as a witness.
Furthermore, the State argues that Defendant failed to proffer the substance of his father’s excluded testimony, and that therefore, this Court is thus precluded from considering that issue on appeal, citing La. C.E. art. 103(A)(2)[2] and La. C.Cr.P. art. 921 (“[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substan *285 tial rights of the accused.”). The State also relies upon State v. Green, 2010-0791, p. 23 (La.App. 4 Cir. 9/28/11), 84 So.3d 573, 588, writ denied, 2011-2316 (La.3/9/12), 84 So.3d 551, wherein this Court found that a defendant who failed to proffer the substance of an officer’s testimony was precluded from raising the issue on appeal. See State v. Stevenson, 02-0079 (La.App. 5 Cir. 4/30/02), 817 So.2d 343; State v. Adams, 537 So.2d 1262 (La.App. 4 Cir. 1989).
Additionally, the State maintains that Defendant failed to allege any prejudice as a result of the exclusion of his father’s testimony. The State contends that Defendant argued only that his father would have testified that Defendant did not reside at the residence listed on the search warrant, where police ultimately recovered the handgun and diazepam. Since it appears that the jury found treasonable doubt as to whether Defendant resided at the residence where the handgun and dia-zepam were located, as evidenced by the jury’s finding Defendant not guilty of these charges, the State argues that Defendant suffered no prejudice resulting from the exclusion of his father as a witness.
Defendant argues that although the trial court indicated in open court at trial that he had ordered sequestration of witnesses, there is no support for this assertion in the trial record or in the minutes. However, Defendant failed to make an objection in this regard at the time that the trial court determined that the sequestration order had been violated. Furthermore, Defendant did not raise this objection at the hearing on the motion for new trial.[3] Therefore, Defendant has waived this argument. See La.C.Cr.P. art. 841.
This Court has recognized that “the purpose of a sequestration order is to prevent a witness from hearing or learning of the testimony of the other witnesses before he takes the stand, preventing the witness from deliberately tailoring his testimony to that of other witnesses.” State v. Johnson, 2001-2334, p. 5 (La.App. 4 Cir. 12/4/02), 833 So.2d 508, 511. According to Defendant, Defendant’s father would have testified with regard to whether Defendant lived at the Livingston Street address, which was a significant part of Sgt. Palum-bo’s testimony that Defendant’s father overheard at trial. Thus, the trial court imposed the sequestration order to prevent witnesses from tailoring or modifying testimony based upon testimony of other witnesses, and it properly excluded Defendant’s father, who overheard the testimony of at least one of the State’s witnesses.
17Although it has been noted that “presence alone is not enough to warrant a witness’s disqualification,” in this case, Defendant’s father was not only present, but also overheard a significant portion of one of the State’s key witnesses who testified at length regarding evidence purporting to establish Defendant’s residence at the Livingston Street address. State v. Harris, 2001-2730, p. 43 (La.1/19/05), 892 So.2d 1238, 1261. Additionally, the Harris Court also recognized the well-settled principle that La. C.E. art. 615 “vests a trial judge with sound discretion to disqualify a witness when a rule of sequestra *286 tion has been violated.” State v. Harris, 2001-2730, p. 43, 892 So.2d at 1261.
Considering the foregoing, the trial court did not abuse its discretion in excluding Defendant’s father’s testimony pursuant to the violation of the sequestration order. Defendant’s conviction and sentence are affirmed.
AFFIRMED

. Defendant had three prior convictions that were relevant to his multiple offender status: Defendant was found guilty as charged for possession of cocaine with intent to distribute on March 14, 2011, in case 496-685. Defendant pled guilty as charged to possession of marijuana, second offense, on December 14, 1998, in case 402-783. Id. Defendant pled guilty as charged to possession of cocaine and marijuana with intent to distribute on June 15, 1999, in case 406-450. Id.

. Article 103 provides:
A.Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
(1) Ruling admitting evidence. When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection; or
(2) Ruling excluding evidence. When the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.
B. Record of ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon.
C. Hearing of jury. In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or asking questions in the hearing of the jury.

. Indeed, neither party expressed surprise or a lack of knowledge that a sequestration order had been in place during the colloquy with regard to the trial court’s finding that Defendant's father had violated the sequestration order. Furthermore, at the April 15, 2011 hearing on Defendant’s motion for new trial, counsel for Defendant did not argue that no sequestration order had been in place; rather, counsel for Defendant argued that the trial court should have given the jury a special instruction rather than exclude Defendant’s father as a witness as a remedy for the violation of the sequestration order.